Edmondson v. State

CHARLES L. EDMONDSON v. STATE OF NORTH CAROLINA

No. 7711SC188

(Filed 3 August 1977)

1. **Criminal Law §§ 23.1, 181— guilty plea — adjudication by trial court of voluntariness — collateral attack**

An adjudication by a trial judge that a plea of guilty was voluntarily made does not bar a criminal defendant from collaterally attacking that plea in a post conviction proceeding.

2. **Criminal Law § 181.2— post conviction proceeding — summary judgment**

Summary judgment procedure is not a practically appropriate procedure for use in this State in a post conviction proceeding to test whether facially adequate allegations have sufficient basis in fact to warrant plenary presentation of evidence.

ON *certiorari* from *Godwin, Judge.* Order entered 15 December 1976 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 30 June 1977.

Petitioner was charged by indictments in proper form with two counts of breaking and entering and larceny and with one count of possession of burglary tools. On 6 June 1975, petitioner entered a negotiated plea of guilty to the two counts of breaking and entering. The transcript of the negotiated plea was as follows:

"The defendant, being first duly sworn, makes the following answers to the questions asked by the Presiding Judge:

1. Are you able to hear and understand my statements and questions? Answer Yes

2. Are you now under the influence of any alcohol, drugs, narcotics, medicines, or other pills? Answer No

3. Do you understand that you are charged with the (felony) ~~(misdemeanor)~~ of Breaking & Entering (2 counts)? Answer Yes

4. Has the charge been explained to you? Answer Yes

5. Do you understand that upon your plea of (guilty) ~~(nole-contendere)~~ you could be imprisoned for as much as 20 ~~(months)~~ (years)? Answer Yes

6. Do you understand that you have the right to plead not guilty and to be tried by a Jury? Answer Yes

7. Have you had time to talk and confer with and have you conferred with your lawyer about this case and are you satisfied with his services? Answer Yes

8. I now inquire of the district attorney and of the prisoner and his counsel whether or not there have been plea negotiations. Before permitting you to respond, I advise you that the courts have specifically approved plea bargaining and have said that it is an essential component of the administration of justice to be encouraged. You should, therefore, advise me truthfully of any plea negotiations wihout the slightest fear of incurring disapproval of the court. Now therefore, have you agreed to plead (guilty) (nolo contendere) upon conditions? Answer Yes

9. Are these the conditions and all of them? That upon two pleas of guilty (felonious B/E 2 counts) maximum sentences, if any, not to exceed 10 years. Feloniously larceny (2 counts) and possession of burglary tools and escape to be nolle prossed. District Attorney agrees not to make any recommendation as to punishment. Answer Yes

10. Except for the promises set out above (paragraph 9), have any promises or threats been made to you to induce you to plead (guilty) (nolo contendere) upon these conditions? Answer No

11. Do you now freely, voluntarily and understandingly authorize and instruct your lawyer to enter on your behalf a plea of (guilty) (nolo contendere) upon the conditions above set out? Answer Yes

12. Do you have any questions or any statement to make at this time about what I have just said to you? Answer No

I have read or heard read all of the questions and answers on the reverse hereof and understand them, and the answers shown are the ones I gave in open Court, and they are true and correct, and the basis for the negotiated plea of (guilty) (nolo contendere) as stated on the reverse hereof

is accurate and is the basis upon which I entered this plea of (guilty) (~~nolo contendere~~).

                                     s/ CHARLES L. EDMONDSON
                                       Defendant"

The State subsequently dismissed the charges as to larceny and possession of burglary tools. Hall, Judge, accepted the pleas and sentenced petitioner to imprisonment for a term of seven to ten years. On 12 July 1976, petitioner petitioned for post conviction relief pursuant to G.S. 15-217 *et seq.*, alleging that his guilty pleas " . . . were involuntary, not intelligently made and were entered under duress, and while under the influence of Narcotics." The State responded by denying that any of petitioner's constitutional rights had been violated, and a hearing on the matter was ordered.

At the hearing, petitioner testified, *inter alia,* that at the time of his negotiated plea, he had been represented by Theodore H. Kissinger, Jr., a member of the Virginia Bar. Defendant paid Kissinger over $8,000 in money and property in exchange for his services. Kissinger told defendant that he had "worked it out" so that defendant would be accepted for treatment at a drug rehabilitation institute in Virginia in return for pleading guilty. Kissinger wrote in the answers to the questions on the transcript of the guilty plea and instructed defendant to answer them before the judge according to the written answers. At no time did Kissinger mention anything concerning the possibility of an active prison sentence for petitioner. Petitioner answered the questions on the transcript to the judge as Kissinger had marked them and pleaded guilty on his attorney's assurance that he would be released to go to Virginia to enter a drug treatment program.

On 15 December 1976, Judge Godwin entered an order in which he found facts and concluded " . . . that there was a substantial denial of the petitioner's right under the Constitution of the United States and of the State of North Carolina in that petitioner's pleas were not freely, voluntarily and intentionally entered." The order then vacated petitioner's guilty pleas and granted petitioner a new trial on all original charges. The State seeks redress from that order.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*Knox V. Jenkins, Jr., for defendant appellee.*

MORRIS, Judge.

[1]   In its only assignment of error, the State contends that the judge at the post conviction hearing erred in overturning the trial judge's finding that petitioner's pleas of guilty were voluntarily given. The State bases this contention on the theory that once a guilty plea has been found by the trial judge to have been voluntarily given, it should not be subject to collateral attack. Thus, the sole question for consideration on this appeal is whether an adjudication by a trial judge that a plea of guilty is voluntarily made bars a criminal defendant from collaterally attacking that plea in a post conviction hearing.

This question has been effectively resolved by the recent case of *Blackledge v. Allison,* _____ U.S. _____ , 52 L.Ed. 2d 136, 97 S.Ct. 1621 (1977). In that case, arising from North Carolina, the respondent was an inmate serving a 17 to 21 year sentence which had been imposed upon his plea of guilty to a charge of attempted bank robbery. He sought federal habeas corpus relief, alleging that his plea had been induced by a promise from his attorney that he would receive only a 10 year sentence in exchange for a guilty plea. He further alleged that his attorney instructed him to deny the existence of any promises to the trial court upon formal questioning at arraignment. The District Court dismissed the petition for habeas corpus, but the Fourth Circuit Court of Appeals reversed and held that respondent was entitled to an evidentiary hearing on the allegations. *Allison v. Blackledge,* 533 F. 2d 894 (4th Cir. 1976). On certiorari, the U. S. Supreme Court affirmed respondent's right to an evidentiary hearing on the grounds that " . . . a prisoner in custody after pleading guilty, no less than one tried and convicted by a jury, is entitled to avail himself of the writ [of habeas corpus] in challenging the constitutionality of his custody." _____ U.S. at _____, 52 L.Ed. 2d at 146, 97 S.Ct. at 1628.

Although *Blackledge* involved federal post conviction proceedings for state prisoners pursuant to 28 U.S.C. §§ 2241-2254, we believe that the same constitutional principles apply to the present case, brought under G.S. 15-217 *et seq.* Accordingly, we hold that petitioner's plea of guilty did not preclude him from

subsequently asserting his claim at his post conviction hearing. Moreover, we believe the findings in the order of 15 December 1976 are amply supported in the record by competent evidence. The order is affirmed.

[2] We deem it appropriate to comment upon a facet of *Blackledge* not directly applicable to the case before us for decision. The majority opinion in *Blackledge* noted that it was not the intent of the Court to hold that "every set of allegations not on its face without merit entitles a habeas corpus petitioner to an evidentiary hearing." _____ U.S. at _____, 52 L.Ed. 2d at 136, 97 S.Ct. at 1632. It was suggested that summary judgment procedure could be used "to test whether facially adequate allegations have sufficient basis in fact to warrant plenary presentation of evidence." *Id.* It is not our purpose to discuss here the pros and cons of such a procedure, but we do desire to point out that in our opinion it is not a practically appropriate procedure for use in this State in the post conviction procedure.

Affirmed.

Chief Judge BROCK and Judge BRITT concur.