STATE OF NORTH CAROLINA v. HERMAN LEE DICKENS

No. 797SC117

(Filed 5 June 1979)

1. **Criminal Law § 23.1— acceptance of guilty plea—duty of court**

   G.S. 15A-1022(c) does not place a mandatory burden on trial courts to hear evidence and rule on its sufficiency to prove defendant guilty of the crime charged before accepting a guilty plea.

2. **Criminal Law § 23.1— acceptance of guilty plea—factual basis—sources of information**

   The sources of information enumerated in G.S. 15A-1022(c) for determining whether there is a factual basis for a plea of guilty are not exclusive, it being the intent of the legislature for trial judges to have access to whatever information might properly be brought to their attention in making such determination.

3. **Criminal Law § 23.4— refusal to allow withdrawal of guilty plea**

   The trial court did not abuse its discretion in refusing to permit defendant to withdraw his guilty plea after it had been accepted and sentence had been imposed.

   Judge VAUGHN concurring.

   Judge CLARK dissenting.

APPEAL by defendant from *Brown, Judge*. Judgment entered 27 November 1978 in Superior Court, NASH County. Heard in the Court of Appeals 1 May 1979.

Defendant was arraigned on eight separate counts of drawing and issuing a worthless check in violation of G.S. 14-107. Four of the warrants upon which the defendant was arraigned alleged that he had issued checks in amounts exceeding $50 and the remaining four warrants alleged worthless checks in amounts less than $50.

On 27 November 1978, the defendant, through court-appointed counsel, entered pleas of guilty to each of the charges. Before accepting the defendant's pleas of guilty, the trial court addressed the defendant to determine if his pleas of guilty were freely, voluntarily, and understandingly made. From the answers provided by the defendant to the questions enumerated on the "Transcript of plea, AOC-L, Form 290," the court made findings that there was a factual basis for the entry of the defendant's plea; that the defendant was satisfied with his counsel; and that defendant's pleas were the informed choice of defendant and made freely, voluntarily, and understandingly. The trial court concluded that defendant's pleas of guilty should be accepted by the court and ordered that the record indicate that defendant's guilty pleas were accepted. The court then entered judgment on the guilty pleas and sentenced the defendant to four consecutive six month terms; six months for each count alleging the issuance of a worthless check in an amount in excess of $50. In addition, the court consolidated the four counts of issuing a worthless check in amounts of less than $50 for judgment and sentenced the defendant to an active prison term of 30 days to run concurrent with the four six-month terms previously imposed.

On 28 November 1978, the defendant returned to open court and "in his own person" moved the court for leave to withdraw his pleas of guilty. Defendant argued that his previous pleas of guilty were entered by him on the understanding that his punishment would be the payment of a fine and restitution in the amounts of the several checks.

The following exchange then took place between Judge Brown and the defendant:

COURT: I understand you want to say something to the court?

DEFENDANT: I want to withdraw my guilty plea. I was told I was going to be allowed to make restitution.

COURT: I asked you if you had agreed to plead as part of a plea bargain and you told me you had not.

DEFENDANT: I was told by Mr. Evans and he talked with Mr. Williams, and that was the other time, that I was going to be allowed to make restitution.

COURT: I also asked you, "Has anyone made you any promises or threatened you in any way to cause you to enter this plea? You answered that, "No."

DEFENDANT: I answered all questions no, sir, but I was told to answer those questions no, and definitely I would not have entered a plea of guilty if I had been aware of what was happening.

COURT: Your motion to withdraw your pleas of guilty is denied. .

DEFENDANT: I give notice of appeal to the Court of Appeals.

COURT: All right, sir, who is going to represent you?

DEFENDANT: I don't know, sir, I don't have a lawyer and I am not in position to get one.

COURT: You mean you were willing to pay these checks off but you are not able to hire a lawyer to represent you on appeal.

DEFENDANT: Yes, sir, I was willing. My company was going to pay the checks off to keep me at work.

COURT: But your company is not willing to pay for your lawyer?

DEFENDANT: Well, right now I don't have a lawyer.

COURT: I will let him fill out an affidavit. I set a $4,000.00 appearance bond. Let him fill out an affidavit and I will decide whether or not to appoint a lawyer.

Thereafter, the trial court appointed counsel for defendant who perfected this case on appeal.

*Attorney General Edmisten, by Assistant Attorney General Mary I. Murrill and Deputy Attorney General William W. Melvin, for the State.*

*Ralph G. Willey III for defendant appellant.*

CARLTON, Judge.

The defendant's sole argument on appeal is that the trial court did not comply with subsection (c) of G.S. 15A-1022 before accepting his guilty pleas. That subsection provides as follows:

(c) The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea. This determination may be based upon information including but not limited to:

(1) A statement of the facts by the prosecutor.

(2) A written statement of the defendant.

(3) An examination of the pre-sentence report.

(4) Sworn testimony, which may include reliable hearsay.

(5) A statement of facts by the defense counsel.

[1] Defendant argues that this new subsection, not formerly required by case law, places a new and mandatory burden on our trial courts to hear evidence, and rule on its sufficiency to prove the defendant guilty of the crime charged, before accepting guilty pleas. He argues that it is necessary that the trial court discover "the motivation behind the plea." He further argues that the actual facts of the case must be heard by the trial court in order for it to be convinced that the defendant has committed the crime to which he is pleading guilty and that the plea is not tendered out of fear or promise of leniency. We do not think our legislature intended to place such an onerous burden on our trial courts. Indeed, we do not believe that anyone would seriously contend that our trial courts should begin providing a full trial on the merits for defendants who elect to enter pleas of guilty.

[2] Defendant argues that the record before us does not support the trial court's conclusion that there was a factual basis for the guilty pleas entered by the defendant. He refers to the five enumerated sources of information mentioned in G.S. 15A-1022(c),

stated above, and argues that this record contains no statement of facts by the prosecutor, defendant, defense counsel, or other witnesses or sources to support the court's finding of a factual basis for defendant's pleas. However, we note that the enumerated sources are not exclusive. That subsection specifically provides that the determination "may be based upon information including *but not limited to*" the five enumerated sources. Clearly, our legislature intended for trial judges to have access to whatever information might be properly brought to their attention in reaching this determination. Moreover, much of the information referred to in the enumerated items in the statute would not normally be included in a record. Indeed, much of it would not be recorded by the court reporter, nor should it be. We also find that much of the information received in the "transcript of plea" would be helpful to the trial judge in determining that there is a factual basis for the plea of guilty. We reject defendant's interpretation of this statute.

[3] The withdrawal of a guilty plea after its acceptance by the court and the imposition of sentence "is not a matter of right and a motion to be allowed to so retract is addressed to the sound discretion of the court." *State v. Crandall*, 225 N.C. 148, 150, 33 S.E. 2d 861, 862 (1945). "This is especially true when it appears that the plea was understandingly and intelligently made." *Padgett v. United States*, 252 F. Supp. 772 at 775, (E.D.N.C. 1965). Here, we hold that the trial court did. not abuse its discretion. Defendant obviously understood the charges against him and all of his constitutional rights were fully afforded him.

This is another ridiculous example of the abuse of the power of appeal by an indigent defendant in a criminal case. The record before us shows affirmatively that defendant, who was represented by counsel, fully understood the charges against him, the nature and effect of his pleas of guilty, and the maximum sentences that might be lawfully imposed upon him if he entered such pleas, and that he entered the pleas of guilty to the offenses charged voluntarily, without threats or inducements or promises, and with a full understanding of the effect and possible consequences of such pleas of guilty. Following substantial sums expended on his behalf at the trial court level, defendant now has added to the taxpayers' burden by putting them to the expense of paying for the cost of the transcript of the trial proceedings, the

State v. Dickens

cost of mimeographing the record and the brief filed for defendant, and the cost of paying a fee to the defendant's lawyer for his services on appeal in a situation in which there is absolutely no merit.

In the proceedings below, we find

No error.

Judge VAUGHN concurring.

Judge CLARK dissenting.

Judge VAUGHN concurring.

I concur in the disposition of this case as it relates to the merits of the issues addressed.

I have different thoughts, however, on whether defendant had the right to appeal. The motion to withdraw the guilty pleas was not made until the day after judgment was entered and commitment issued. Under former G.S. 15-180.2, there was no right of appeal from a plea of guilty. No such right is granted under the present provisions of G.S. 7A-27. G.S. 15A-1444(e) presently provides:

"Except as provided in G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari."

The Official Commentary to the foregoing recites:

"Subsection (e) carries forward the provisions of G.S. 15-180.2, a 1973 statute, which provide (d) only discretionary review when a defendant has plead guilty or entered a plea of no contest. The exception relates to review of determinations on motions to suppress vital evidence."

In my view, the exception allowing an appeal "when a motion to withdraw a plea of guilty or no contest has been denied" should be limited to those cases where the motion to withdraw

the plea has been made prior to judgment as, for example, might be provided for under G.S. 15A-1024. If this notion is not correct, there is no longer any practical limitation on appeals after pleas of guilty because any defendant who is dissatisfied with the judgment entered pursuant to his plea can simply move to withdraw the plea and appeal if it is denied. I conclude that defendant should have petitioned for review by writ of certiorari or, perhaps, moved for appropriate relief under the provisions of Article 89 of Chapter 15A of the General Statutes.

Judge CLARK dissenting.

Withdrawal of a guilty plea should be permitted and the judgment of conviction set aside if the plea was improperly taken, if the defendant received ineffective assistance of counsel, or if the plea bargain was broken.

The plea was improperly taken if the trial court accepted the plea without first determining that there was a factual basis for the plea as required by G.S. 15A-1022(c). This statutory requirement is similar to Rule 11 of the Federal Rules of Criminal Procedure and probably was inspired by the decision in *North Carolina v. Alford*, 400 U.S. 25, 27 L.Ed. 2d 162, 91 S.Ct. 160 (1970), which denied a writ of habeas corpus based on the defendant's contention that his guilty plea was involuntary, emphasizing the fact that the trial judge heard strongly damaging evidence against the accused before accepting the plea. The factual basis for the court's determination should be in the trial record and, where the issue is properly raised, included in the record on appeal. In the case before us the record on appeal reveals that defendant was convicted after trial on all charges in the District Court. In my opinion this was a factual basis for the plea and supported the adjudication of the trial court.

Defendant's motion for withdrawal of his guilty plea was based on his allegation that there was a plea bargain and that he was instructed by counsel how to answer the questions asked by the trial judge. The Transcript of Plea includes the following:

"10. Have you agreed to plead as a part of a plea bargain? Before you answer, I advise you that the courts have approved plea bargaining and if there is one, you may

advise me truthfully without fear of incurring my disapproval.

Answer: N/A

11. (If applicable) The District Attorney and your counsel have informed the court that these are all the terms and conditions of your plea: _____

(a) Is this correct? Answer _____

(b) Do you accept this arrangement?

Answer _____"

The defendant's motion to withdraw his plea was perfunctorily denied without hearing. In my opinion the trial court erred in failing to conduct a hearing to determine whether withdrawal of the guilty plea should be permitted, and I would remand for that purpose. *See Edmondson v. State*, 33 N.C. App. 746, 236 S.E. 2d 397 (1977).

From many years of experience as a trial judge, I am aware that only in rare cases is there merit in a defendant's claim after sentence that his plea of guilty was not knowingly and voluntarily made. Nevertheless, the importance of protecting the innocent and insuring that guilty pleas are a product of free and intelligent choice requires that such claims be patiently and fairly considered by the courts.