STATE OF NORTH CAROLINA v. HERMAN LEE DICKENS

No. 72

(Filed 8 January 1980)

**Criminal Law § 23.4— guilty plea—defendant's belief that plea bargain was made —attempted withdrawal of plea—findings required by court**

A question of fact existed as to whether defendant's guilty pleas were tendered under the impression that a plea bargain had been made and had to be concealed in order for defendant to benefit from it; therefore, prior to ruling on defendant's motion to withdraw his pleas of guilty, the trial court should have held a hearing, received evidence under oath from defendant and from his trial counsel, together with any other relevant evidence, and then made findings of fact as to whether or not defendant entered the guilty pleas under the misapprehension that he had a plea bargain with respect to sentence.

Justice CARLTON did not participate in the consideration or decision of this case.

DEFENDANT appeals from decision of the Court of Appeals, 41 N.C. App. 388, 255 S.E. 2d 212 (1979), upholding judgments of *Brown, J.,* entered 27 November 1978 in NASH Superior Court.

On 9 August 1978 defendant was arraigned in Nash Superior Court on eight separate counts of issuing worthless checks in violation of G.S. 14-107 (Cum. Supp. 1977). Four of the warrants upon which defendant was arraigned alleged the issuance of worthless checks in amounts exceeding $50 and the remaining four warrants alleged issuance of worthless checks in amounts less than $50.

The cases were called for trial on 27 November 1978, and defendant, through his court-appointed attorney Robert A. Evans, withdrew his previous pleas of not guilty and entered a plea of guilty as to each of the charges.

Before accepting defendant's pleas of guilty, the trial court personally addressed defendant to ascertain if the guilty pleas were freely, voluntarily and understandingly made. From the answers provided by defendant to the questions enumerated on the "Transcript of Plea, AOC-L, Form 290," the court made findings of fact (1) that there was a factual basis for the entry of the pleas; (2) that defendant was satisfied with his counsel; and (3) that defendant's pleas were the informed choice of defendant and

made freely, voluntarily and understandingly. Upon these findings the court concluded that defendant's pleas of guilty should be accepted by the court and ordered that the record so indicate.

The court then entered judgment on the guilty pleas. Defendant was sentenced to six months on each of the four counts alleging the issuance of a worthless check in an amount in excess of $50, the sentences to run consecutively. The four counts charging issuance of a worthless check for less than $50 were consolidated for judgment and defendant was given a thirty-day active sentence to run concurrently with the four six-month sentences previously imposed.

On 28 November 1979, defendant returned into open court and "in his own person" moved the court for leave to withdraw his pleas of guilty, asserting that the pleas were entered by him on the understanding that his punishment would be the payment of a fine and restitution in the amounts of the several checks. The following exchange then took place between the presiding judge and the defendant:

"COURT: I understand you want to say something to the court?

DEFENDANT: I want to withdraw my guilty plea. I was told I was going to be allowed to make restitution.

COURT: I asked you if you had agreed to plead as part of a plea bargain and you told me you had not.

DEFENDANT: I was told by Mr. Evans and he talked with Mr. Williams, and that was the other time, that I was going to be allowed to make restitution.

COURT: I also asked you, 'Has anyone made you any promises or threatened you in any way to cause you to enter this plea?' You answered that, 'No.'

DEFENDANT: I answered all questions no, sir, but I was told to answer those questions no, and definitely I would not have entered a plea of guilty if I had been aware of what was happening.

COURT: Your motion to withdraw your pleas of guilty is denied.

DEFENDANT: I give notice of appeal to the Court of Appeals.

COURT: All right, sir, who is going to represent you?

DEFENDANT: I don't know, sir, I don't have a lawyer and I am not in position to get one.

COURT: You mean you were willing to pay these checks off but you are not able to hire a lawyer to represent you on appeal?

DEFENDANT: Yes, sir, I was willing. My company was going to pay the checks off to keep me at work.

COURT: But your company is not willing to pay for your lawyer?

DEFENDANT: Well, right now I don't have a lawyer.

COURT: I will let him fill out an affidavit. I set a $4,000.00 appearance bond. Let him fill out an affidavit and I will decide whether or not to appoint a lawyer."

Thereafter counsel was appointed to perfect the appeal.

Defendant appealed to the Court of Appeals, and that court found no error with Clark, J., dissenting. Defendant thereupon appealed to the Supreme Court as of right pursuant to provisions of G.S. 7A-30(2).

*Rufus L. Edmisten, Attorney General, by Mary I. Murrill, Assistant Attorney General, for the State.*

*Ralph G. Willey III, attorney for defendant appellant.*

HUSKINS, Justice.

Did the Court of Appeals err in upholding the trial court's denial of defendant's motion for leave to withdraw his guilty pleas? Answer to that question will dispose of this appeal. We treat the motion as a motion for appropriate relief.

We note initially that G.S. 15A-1444(e) provides in pertinent part that "except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but

he may petition the appellate division for review by writ of certiorari." When the language of the quoted statute is read conversely, it provides that when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court. It follows that the defendant in this case is entitled to appeal as a matter of right since his motion to withdraw his pleas of guilty, made during the term and on the day following pronouncement of judgment, was denied.

A plea of guilty or no contest is improperly accepted unless the trial judge has first determined that there is a *factual basis* for the plea. "The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea. This determination may be based upon information including but not limited to:

(1) A statement of the facts by the prosecutor.

(2) A written statement of the defendant.

(3) An examination of the presentence report.

(4) Sworn testimony, which may include reliable hearsay.

(5) A statement of facts by the defense counsel."

G.S. 15A-1022(c).

The quoted statute does not require the trial judge to elicit evidence from each, any or all of the enumerated sources. Those sources are not exclusive because the statute specifically so provides. The trial judge may consider any information properly brought to his attention in determining whether there is a factual basis for a plea of guilty or no contest. Moreover, "a written statement of the defendant" ordinarily consists of defendant's written answers to the questions contained in a document entitled "Transcript of Plea." The Transcript of Plea in this case reads as follows:

> The defendant, having tendered a plea of guilty and being first duly sworn, makes the following answers to the questions asked by the presiding judge:

1. Are you able to hear and understand me?

Answer: Yes.

2. Do you understand that you have the right to remain silent and that any statement you make may be used against you?

Answer: Yes.

3. Are you now under the influence of alcohol, drugs, medicines, pills, or any other intoxicants?

Answer: No.

4. Have you discussed your case fully with your lawyer and are you satisfied with his services?

Answer: Yes.

5. Do you understand that you are pleading (guilty) (no contest) to the felonies of _____ misdemeanors of worthless check (8 counts)?

Answer: Yes.

6. Have the charges been explained to you by your attorney and do you understand the nature of the charges?

Answer: Yes.

7. Do you understand that upon your plea you could be imprisoned for a maximum of 2 years 4 months (and that the mandatory minimum sentence is _____)?

Answer: _____

8. Do you understand that you have the right to plead not guilty and be tried by a jury and be confronted by the witnesses against you, and by this plea you give up these and your other constitutional rights relating to trial by jury?

Answer: Yes.

9. Do you now plead guilty?

Answer: Yes.

    (a) (If applicable) Are you in fact guilty?

    Answer: Yes.

(b) (If applicable) Do you understand that upon your plea of no contest you will be treated as guilty whether or not you admit your guilt?

Answer: N/A.

10. Have you agreed to plead as a part of a plea bargain? Before you answer, I advise you that the courts have approved plea bargaining and if there is one, you may advise me truthfully without fear of incurring my disapproval.

Answer: N/A.

11. (If applicable) The District Attorney and your counsel have informed the court that these are all the terms and conditions of your plea: _____

(a) Is this correct? Answer: _____

(b) Do you accept this arrangement?

Answer: _____

12. (Other than what I have just said) has anyone made you any promises or threatened you in any way to cause you to enter this plea?

Answer: No.

13. Do you enter this plea of your own free will, understanding what you are doing?

Answer: Yes.

14. Do you have any questions about what I have just said to you?

Answer: No.

   I am 39 years of age and completed the 10th grade of school.

   I have read or have heard read all of these questions and understand them. The answers shown are the ones I gave in open court and they are true and accurate. Neither my lawyer nor anyone else has told me to give false answers in order to have the court accept my plea in this case. The con-

ditions of the plea as stated on the reverse hereof, if any, are accurate.

11-27-78           s / HERMAN DICKENS
                   Defendant

Sworn to and subscribed before me this
27 day of November, 1978.
    s/ MARY J. MATTHEWS
    Asst. Clerk of Superior Court

                  \*    \*    \*

As Attorney for the defendant, Herman Dickens, I hereby certify that the conditions stated on the reverse hereof, if any, upon which the defendant's plea was entered are correct and they are agreed to by the defendant and myself upon which the defendant's plea was entered. I further certify that I have fully explained to the defendant the nature and elements of the charges to which he is pleading.

11-27-78           s / ROBERT A. EVANS
Date               Attorney for Defendant

As prosecutor for the 7th Judicial District, I hereby certify that the conditions stated on the reverse hereof, if any, are the terms agreed to by the defendant and his counsel and myself for the entry of the plea by the defendant to the charge in this case.

11-27-78           s / J. M. HESTER, JR.
Date               Prosecutor

                  \*    \*    \*

The record in this case reveals that defendant had been convicted on all eight charges in the district court after trial upon his pleas of not guilty, and he thereupon appealed to the superior court for trial *de novo*. Additionally, the Transcript of Plea reveals that defendant, by his answer to Question 9, said he was actually guilty of the charges. Thus there was an abundance of information before the trial judge to constitute a factual basis for the pleas of guilty and to support their acceptance. Defendant's contentions to the contrary are meritless.

State v. Dickens

Even so, defendant's motion to withdraw his pleas of guilty is based on his assertion that he was told by his attorney Mr. Evans that he would be allowed to make restitution in lieu of a prison sentence. He explains his contradictory answers to various questions contained in the written Transcript of Plea by asserting that his counsel had told him to answer "no" to certain questions asked him by the trial judge. Defendant's contention is supported by his failure to give a written answer to Question 10 in the Transcript of Plea which reads: "Have you agreed to plead as part of a plea bargain? Before you answer, I advise you that the courts have approved plea bargaining and if there is one, you may advise me truthfully without fear of incurring my disapproval." There is no explanation in the record for defendant's apparent failure to give a written answer to this question. And the same is true with respect to Question 7 which was unanswered. Nor does the record indicate whether defendant, defendant's trial attorney or the prosecutor ever stated, in response to mandatory inquiries from the trial court prior to the taking of the guilty pleas, that no plea bargains had been made or discussed with defendant. *See* G.S. 15A-1022(b). Given the deficient state of the record on appeal, we must conclude that a question of fact exists as to whether defendant's guilty pleas were tendered under the impression that a plea bargain had been made and had to be concealed in order for defendant to benefit from it. Accordingly, we hold that prior to ruling on defendant's motion to withdraw his pleas of guilty, the trial court should have held a hearing, received evidence under oath from defendant personally and from his trial counsel Robert A. Evans, together with any other relevant evidence, and then made findings of fact as to whether or not defendant entered the guilty pleas under the misapprehension that he had a plea bargain with respect to sentence. *See* G.S. 15A-1420(c)(4).

We are cognizant that the recent major revisions in our plea bargaining procedures are designed to minimize the possibility that a defendant might enter a plea of guilty in the mistaken belief that a plea bargain had been made but must be concealed from the judge in order to benefit from it. *See* G.S. 15A-1021, *et seq.* and Official Commentary. *Accord, Blackledge v. Allison*, 431 U.S. 63, 79, 52 L.Ed. 2d 136, 150, 97 S.Ct. 1621, 1631 (1977). The new procedures expressly legitimize plea bargaining. G.S. 15A-1021. The trial judge is required to make specific inquiries of

defendant, his counsel and the prosecutor as to whether a plea bargain has been discussed or entered into. G.S. 15A-1022(b). In order to encourage a defendant to disclose whether he is under the impression that a plea bargain has been struck, the trial judge now advises the defendant that courts have approved plea bargaining and he may thus admit to any promises without fear of jeopardizing an advantageous agreement or prejudicing himself in the judge's eyes. See "Transcript of Plea," AOC-L Form 290. As a final precaution, a verbatim record of the entire proceeding "must be made and preserved." G.S. 15A-1026.

Adherence to such procedures will usually indicate whether any plea bargain was in existence and, if so, insure that it was not ignored. *See Blackledge v. Allison, supra,* 431 U.S. at 79-80. Additionally, such procedures are likely to disabuse a defendant's mind of any mistaken notions he may have as to the existence of a plea bargain. If the above procedures are followed, only in a rare case will there be merit in a defendant's post-conviction claim that his plea of guilty was not knowingly and voluntarily made. *See* Chapter 15A, Article 58, Official Commentary.

Thus, in most cases reference to the verbatim record of the guilty plea proceedings will conclusively resolve all questions of fact raised by a defendant's motion to withdraw a plea of guilty and will permit a trial judge to dispose of such motion without holding an evidentiary hearing. *Accord, Blackledge v. Allison, supra,* 431 U.S. at 80-81. Any intimations to the contrary in *Edmondson v. State,* 33 N.C. App. 746, 236 S.E. 2d 397 (1977), are expressly rejected. Evidentiary hearings are required in post-conviction proceedings only when necessary to resolve questions of fact. *See* G.S. 15A-1420(c)(4). Even so, regardless of whether evidentiary hearings are held, "the importance of protecting the innocent and insuring that guilty pleas are a product of free and intelligent choice requires that such claims be patiently and fairly considered by the courts." *State v. Dickens, supra,* 41 N.C. App. at 395 (Clark, J., dissenting).

We note the record on appeal in this case does not contain a verbatim record of the proceedings at which defendant entered his pleas of guilty. *See* G.S. 15A-1026. Absent such a verbatim record, we have no way of determining the import of defendant's failures to give written answers to Questions 7 and 10 in the

Transcript of Plea. Nor do we know the nature of the representations, if any, made by defendant, defendant's trial attorney, or the prosecutor in response to mandatory inquiries by the trial court as to whether any plea bargains had been made or discussed. *See* G.S. 15A-1022(b). On this record we must conclude that defendant's allegations raise a question of fact as to whether defendant entered the guilty pleas under the misapprehension that a plea bargain had been made with respect to sentence. Accordingly, an evidentiary hearing must be held in which defendant "has the burden of proving by a preponderance of the evidence every fact essential to support the motion." G.S. 15A-1420(c)(5).

For the reasons stated the decision of the Court of Appeals is vacated and the case remanded to that court for further remand to the Superior Court of Nash County with directions that the presiding judge conduct a voir dire hearing and make appropriate findings and conclusions based thereon. If he finds that defendant's pleas of guilty were made under a plea bargaining arrangement whereby defendant would be allowed to make restitution in lieu of an active prison sentence, then defendant's motion should be allowed, the judgments vacated, and the cases reset for trial. If he finds to the contrary, defendant's motion to withdraw his pleas should be denied and commitment should issue immediately to place the sentences heretofore pronounced into effect.

Reversed and remanded.

Justice CARLTON did not participate in the consideration or decision of this case.