STATE OF NORTH CAROLINA v. CARL RAY POORE, JR.

No. COA04-1352

(Filed 16 August 2005)

**1. Criminal Law— writ of certiorari—guilty plea—factual basis**

The Court of Appeals treated defendant's appeal from the trial court's alleged improper acceptance of his guilty plea in a felonious breaking and entering case as a writ of certiorari and found no error, because: (1) the sworn testimony of the arresting officer was sufficient to support the factual basis for defendant's plea; and (2) the testimony of the officer provided an overview of the evidence which would have established the essential elements of felony breaking and entering.

**2. Sentencing— aggravating factor not submitted to jury— *Blakely* error**

The trial court erred in a felony breaking and entering case by sentencing defendant in the aggravated range without submitting to the jury the aggravating factor that the trial court found that defendant was armed with a deadly weapon at the time of the crime, and the case is remanded for resentencing.

**3. Sentencing— prior record level—elements of present offense included in prior offense—finding by trial court— no *Blakely* error**

Defendant is not entitled to resentencing in a felony breaking and entering case even though the trial court itself found pursuant to N.C.G.S. § 15A-1340.14(b)(6) that all the elements of the present offense are included in a prior offense, because: (1) neither *Blakely v. Washington,* 542 U.S. 296 (2004), nor *State v. Allen,* 359 N.C. 425 (2005), preclude the trial court from assigning a point in the calculation of one's prior record level where all the elements of the present offense are included in a prior offense; and (2) the exercise of assigning a point for the reason set forth in N.C.G.S. § 15A-1340.14(b)(6) is akin to the trial court's determination that defendant had in fact been convicted of certain prior offenses and is not something that increases the statutory maximum within the meaning of *Blakely* or *Allen.*

**STATE v. POORE**

[172 N.C. App. 839 (2005)]

Appeal by defendant from judgment entered 30 April 2003 by Judge W. Douglas Albright in Alleghany County Superior Court. Heard in the Court of Appeals 7 June 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Kathryn J. Thomas for the State.*

*Douglas L. Hall, for defendant.*

LEVINSON, Judge.

Defendant (Carl Ray Poore, Jr.) appeals from judgment entered upon his plea to one count of felony breaking and entering. Defendant has not appealed from other judgments and commitments related to the events of 26 January 2003. We remand for resentencing.

Defendant pled guilty to breaking and entering pursuant to N.C.G.S. § 14-54(a). The trial court heard the sworn testimony of the arresting officer of the Alleghany County Sheriff's Department. On 26 January 2003, the officer was investigating a burglar alarm call at Meadow Fork Road when a second call came in of a break-in at a residence one mile away. The officer saw a white pickup truck parked on the side of the road near the second residence. A license plate check on the pickup truck revealed that the truck was registered in Cana, Virginia to defendant. The officer observed jewelry and boxes in the truck. Footprints in the snow led up to the residence where a window was broken. During a search of the residence, the officer found defendant underneath a bed with a stolen rifle lying next to him. According to the officer, defendant had "already been through the house and [was] fixing to take the VCR." The officer arrested defendant and "charged him with breaking and entering, second degree burglary because of it [being] dark at this second residence and [he] had to use a flashlight, and charged him with felony possession of stolen property." The trial court found, as an aggravating factor, that the defendant "was armed with a deadly weapon at the time of the crime[,]" and imposed an aggravated sentence of 24 to 29 months imprisonment. From this judgment, defendant appeals.

On appeal defendant argues (1) there was an insufficient factual basis to support the entry of plea, (2) he is entitled to resentencing under *Blakely v. Washington,* because the trial court itself found an aggravating factor, and (3) he is entitled to resentencing under *Blakely* because the trial court itself found, pursuant to N.C.G.S. § 15A-1340.14(b)(6) (2003), that "all the elements of the present offense are included in [a] prior offense[.]"

[1] We first address defendant's argument that there was an insufficient factual basis supporting the entry of his plea. Preliminarily, we note that defendant has no appeal of right as to this issue. *See State v. Bolinger*, 320 N.C. 596, 601, 359 S.E.2d 459, 462 (1987) ("[A] defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea."). However, according to this Court's analysis in *State v. Rhodes*, 163 N.C. App. 191, 193, 592 S.E.2d 731, 732 (2004), we find "[defendant's] arguments may be reviewed pursuant to a petition for writ of certiorari. We choose to treat defendant's appeal as a petition for writ of certiorari, which we now allow." Therefore, we address the merits of defendant's first argument.

The elements of felonious breaking and entering under N.C.G.S. § 14-54(a) are "(1) the breaking or entering, (2) of any building, (3) with the intent to commit any felony or larceny therein." *State v. Walton*, 90 N.C. App. 532, 533, 369 S.E.2d 101, 103 (1988).

N.C.G.S. § 15A-1022 (2003), governing the requirements for entry of a plea, provides in pertinent part:

> (c) The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea. This determination may be based upon information including but not limited to:
>
> . . . .
>
> (4) Sworn testimony, which may include reliable hearsay.

In interpreting this statute, our Supreme Court has held:

> The statute "does not require the trial judge to elicit evidence from each, any or all of the enumerated sources . . . ."
>
> . . . .
>
> The statute, if it is to be given any meaning at all, must contemplate that some substantive material independent of the plea itself appear of record which tends to show that defendant is, in fact, guilty.

*State v. Sinclair*, 301 N.C. 193, 198-99, 270 S.E.2d 418, 421-22 (1980) (quoting *State v. Dickens*, 299 N.C. 76, 79, 261 S.E.2d 183, 185 (1980)).

In the instant case, the sworn testimony of the arresting officer was offered to support the factual basis for defendant's plea. The tes-

timony of the officer provided an overview of the evidence which would have established the essential elements of felony breaking and entering. We conclude this testimony was sufficient to establish a factual basis for the offense of felony breaking and entering. This assignment of error is overruled.

---

**[2]** Defendant next argues that, because the trial court sentenced him in excess of the statutory maximum based on an aggravating factor not found by a jury beyond a reasonable doubt or admitted by defendant, he is entitled to a new sentencing hearing under *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, *reh'g denied*, —— U.S. ——, 159 L. Ed. 2d 851 (2004). We agree.

Defendant's sentence was aggravated based on a finding that the defendant "was armed with a deadly weapon at the time of the crime." The trial court sentenced defendant in the aggravated range to a term of 24 to 29 months. The aggravating factor was not found beyond a reasonable doubt by a jury and was not admitted by defendant. Therefore, in conformity with the rulings in *Blakely* and *State v. Allen*, 359 N.C. 425, —— S.E.2d —— (No. 485PA04) (filed 1 July 2005), we must remand for resentencing.

---

**[3]** We address defendant's final argument because it may recur on remand. Defendant contends it was *Blakely* error for the trial court, when determining defendant's prior record level, to assign a point because "all the elements [of the] present offense [are] included in a prior offense[]" as provided in G.S. § 15A-1340.14(b)(6). Defendant argues that, because the jury did not make such a "finding" beyond a reasonable doubt and he did not admit to the same, the trial court committed error. We disagree.

G.S. § 15A-1340.14, pertaining to the calculation of a defendant's prior record level for sentencing, provides in pertinent part:

    (a) Generally.—The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court finds to have been proved in accordance with this section.

    (b) Points.—Points are assigned as follows:

    . . . .

        (6) If all the elements of the present offense are included in any prior offense for which the offender was convicted,

whether or not the prior offense or offenses were used in determining prior record level, 1 point.

In applying *Blakely* to North Carolina's structured sentencing scheme, our Supreme Court in *Allen* held:

> We emphasize that *Blakely*, which is grounded in the Sixth Amendment right to jury trial, affects only those portions of the Structured Sentencing Act which require the sentencing judge to consider the existence of aggravating factors not admitted to by a defendant or found by a jury and which permit the judge to impose an aggravated sentence after finding such aggravating factors by a preponderance of the evidence.
>
> . . . .
>
> [We] hold that, to the extent N.C.G.S. § 15A-1340.16 (a), (b), and (c) require trial judges to find aggravating factors by a preponderance of the evidence section 15A-1340.16 violates *Blakely*.

*Allen*, 359 N.C. at —, — S.E.2d at —.

*Allen*, in applying *Blakely* to North Carolina, did not hold that the functions assigned to the trial court by virtue of G.S. § 15A-1340.14 are constitutionally infirm. *See id.* Moreover, *Blakely* itself specifically excepted from its holding a determination made during sentencing that an individual has certain prior conviction(s). We conclude that neither *Blakely* nor *Allen* preclude the trial court from assigning a point in the calculation of one's prior record level where "all the elements of the present offense are included in [a] prior offense." *See* G.S. § 15A-1340.14(b)(6). This is true even though the same has neither been found by the jury beyond a reasonable doubt nor admitted by the defendant. The exercise of assigning a point for the reason set forth in G.S. § 15A-1340.14(b)(6) is akin to the trial court's determination that defendant had in fact been convicted of certain prior offenses, and is not something that increases the "statutory maximum" within the meaning of *Blakely* or *Allen*. This assignment of error is overruled.

Remanded.

Judges McGEE and HUNTER concur.