An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-712

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2013

STATE OF NORTH CAROLINA

    v.

JENNIFER SHELTON BLALOCK,
    Defendant.

Stokes County
Nos. 08CRS50460; 51385-86;
08CRS52513-14;   12CRS050942-43;
12CRS051294

On writ of certiorari to review Judgments entered on or about 25 February 2013 by Judge Anderson D. Cromer in Superior Court, Stokes County.  Heard in the Court of Appeals 19 November 2013.

> *Attorney General Roy A. Cooper, III by Assistant Attorney General Josephine N. Tetteh, for the State.*
>
> *Edward Eldred, for defendant-appellant.*

STROUD, Judge.

Jennifer Blalock ("defendant") appeals from judgments entered on or about 25 February 2013 revoking her probation and activating her sentence in several 2008 offenses, and, pursuant to a plea agreement, imposing sentence for eight offenses committed in 2012. We vacate in part and affirm in part.

I.   Background

On 8 December 2008, defendant was indicted in Stokes County on two counts of maintaining a vehicle for the purpose of keeping and selling controlled substances. She was also charged with several worthless check offenses. Defendant pled guilty to two counts of maintaining a vehicle for the purpose of keeping and selling drugs and three worthless check charges. On 20 April 2009, the trial court sentenced her to two consecutive terms of 6-8 months imprisonment, suspended for 36 months. On 1 June 2012, defendant's probation officer filed two violation reports alleging that defendant had violated probation by failing to pay required fees and by committing a new criminal offense. After a hearing, the trial court found that defendant had violated the terms of her probation and activated her sentence on 25 February 2013.

On 31 May 2012, defendant was charged with five misdemeanor offenses in two arrest warrants. In the first, she was charged with larceny of three catalytic converters from Charles Hendrick, the possession of those stolen goods, and conspiracy to steal those goods. In the second, she was charged with misdemeanor larceny of four bus batteries owned by Mike Fulp and possession of those stolen batteries. She was also charged by information with the felonious breaking or entering of Mr.

Fulp's bus. Defendant signed a waiver consenting to be tried on the information. Defendant was also indicted for breaking and entering a residence, felony larceny, and felony possession of stolen goods.

Defendant pled not guilty to the misdemeanor charges and was tried in district court. The district court found her guilty of all charges. Defendant appealed to superior court for trial *de novo*. In superior court, pursuant to a plea agreement, she entered an *Alford* guilty plea to two counts of misdemeanor larceny, two counts of possession of stolen goods, breaking or entering a motor vehicle, felony breaking and entering, and felony larceny. As part of her plea, she admitted that there are facts to support her plea. In addition, the State offered a brief statement of facts to support the plea.

On 25 February 2013, the trial court consolidated the charges into two judgments, arrested judgment on the possession of stolen property charges, and sentenced defendant to two consecutive terms of 8-19 months imprisonment. Defendant filed written notice of appeal on 6 March 2013.

## II. Petition for Writ of Certiorari

Defendant concedes that her notice of appeal is faulty in that it fails to identify the judgments from which appeal is

taken, the court to which she appeals the judgments, and fails to show that the notice was properly served on the State. Additionally, her appeal from the judgments entered upon the 2012 convictions solely concerns the adequacy of the factual basis underlying her guilty plea. She has no statutory right to appeal this issue. *See State v. Keller*, 198 N.C. App. 639, 641, 680 S.E.2d 212, 213 (2009).

As a result, defendant filed a petition for writ of certiorari to permit review of the trial court's judgments revoking her probation and activating her sentences from the 2009 convictions, as well as the judgments entered pursuant to her pleas of guilty in 2012. Although the State does not oppose issuance of the writ of certiorari to address the probation issues, it contends that we are not permitted to issue a writ of certiorari to review defendant's challenge to the sufficiency of the factual basis for her guilty plea. The State ignores that in *State v. Keller* and *State v. Poore*, we held that we may review a challenge to the sufficiency of the factual basis underlying a guilty plea pursuant to a writ of certiorari. *Keller*, 198 N.C. App. at 641, 680 S.E.2d at 213 ("Although defendant is not entitled to appeal from his guilty plea as a matter of right, his arguments are reviewable pursuant to a petition for writ of

certiorari."); *State v. Poore*, 172 N.C. App. 839, 841, 616 S.E.2d 639, 640 (2005) (allowing a petition for certiorari to review a challenge to the factual basis of a guilty plea); *see also State v. Rhodes*, 163 N.C. App. 191, 193, 592 S.E.2d 731, 732 (2004) ("Under *Bolinger*, defendant in this case is not entitled to appeal from his guilty plea as a matter of right, but his arguments may be reviewed pursuant to a petition for writ of certiorari."), *and State v. Carriker*, 180 N.C. App. 470, 471, 637 S.E.2d 557, 558 (2006) (noting that defendant seeking to challenge the procedures of their guilty pleas must do so by petitioning for a writ of certiorari). Therefore, in our discretion, we allow defendant's petition for writ of certiorari and proceed to consider the merits of her appeal.

## III. Probation Revocation

Defendant argues, and the State properly concedes, that the trial court did not have jurisdiction to revoke her probation. Defendant was sentenced to 36 months of supervised probation on 20 April 2009. Therefore, defendant's probation expired on 20 April 2012. The probation violation report at issue was not filed until 1 June 2012. There is no evidence in the record that the probationary term had been previously extended or that the State timely filed "a written violation report with the clerk

indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation." N.C. Gen. Stat. § 15A-1344(f)(1) (2011). Therefore, the trial court did not have jurisdiction to revoke defendant's probation. *State v. Black*, 197 N.C. App. 373, 377, 677 S.E.2d 199, 202 (2009). Accordingly, we vacate the judgments entered upon the trial court's revocation of defendant's probation. *See State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981).

## IV. Factual Basis

On appeal, defendant contends that there was an insufficient factual basis for the trial court to determine that she was, in fact, guilty because "the State did not identify anyone as the perpetrator of the offenses against 'Mike Fulp,' and the State did not identify defendant as the perpetrator of the offenses against 'Charles Hedrick.'" (original in all caps) Defendant further argues that there was no evidence that the batteries belonged to Mr. Fulp or that she conspired to steal from Mr. Hedrick. Defendant does not challenge the sufficiency of the factual basis underlying the other felony convictions, nor the sufficiency of the factual basis as to any other element of the challenged misdemeanors. Therefore, any such arguments are deemed abandoned. N.C.R. App. P. 28(a).

"A plea of guilty or no contest is improperly accepted unless the trial judge has first determined that there is a *factual basis* for the plea." *State v. Dickens*, 299 N.C. 76, 79, 261 S.E.2d 183, 185 (1979).

> This determination may be based upon information including but not limited to:
>
> (1) A statement of the facts by the prosecutor.
>
> (2) A written statement of the defendant.
>
> (3) An examination of the presentence report.
>
> (4) Sworn testimony, which may include reliable hearsay.
>
> (5) A statement of facts by the defense counsel.

N.C. Gen. Stat. § 15A-1022(c) (2011).

> The quoted statute does not require the trial judge to elicit evidence from each, any or all of the enumerated sources. Those sources are not exclusive because the statute specifically so provides. The trial judge may consider any information properly brought to his attention in determining whether there is a factual basis for a plea of guilty or no contest.

*Dickens*, 299 N.C. at 79, 261 S.E.2d at 185-86.

Our Supreme Court has previously determined that there was a sufficient factual basis to sustain a guilty plea where the defendant had previously been convicted in district court,

appealed to superior court, where he pled guilty, and admitted that he was, in fact, guilty during his plea colloquy in superior court. *See id.* at 80-82, 261 S.E.2d at 186-87. Nine months after its opinion in *Dickens*, the Supreme Court issued its opinion in *State v. Sinclair*, 301 N.C. 193, 270 S.E.2d 418 (1980), where it overturned a guilty plea for an insufficient factual basis. In *Sinclair*, the Supreme Court distinguished the facts under consideration from those in *Dickens*:

> In *State v. Dickens*, . . . we relied on the fact, appearing of record, that defendant had been duly convicted in the district court on the very charges to which he entered pleas of guilty in superior court in addition to his statement in his transcript that he was "in fact" guilty to support our conclusion that a factual basis for the plea existed in the record.

*Sinclair*, 301 N.C. at 199, 270 S.E.2d at 422.

Here, defendant pled not guilty, was tried, and convicted in district court on all of the challenged misdemeanor charges, including the misdemeanor conspiracy charge. The district court's judgments appear in the record. She then appealed to superior court for trial *de novo*. In superior court, she pled guilty pursuant to a plea agreement. She did not admit that she was in fact guilty, but the State offered the following statement of facts:

> Your Honor, back in the spring of last year these defendants, along with a Jason Barneycastle, who is also on the docket and is represented by Mr. DeHart, joined in a breaking and entering of a home belonging to James Lackey on Snow Hill Church Road in Lawsonville, where an air compressor, a pipe bender, and other assorted scrap metal was stolen from his residence, that had a value of $2,310. The following week, between the dates of April 1 and April 9 the defendant stole from Charles Hendrick (phonetic) three catalytic converters valued at $900. . . . And finally, from April 20 to April 23rd there was a break-in of a yellow school bus owned by Mike Fulp and four school bus batteries were stolen valued at $740. That's the evidence for the State.

Although this statement of facts is fairly vague, we conclude that this summary of the facts, coupled with the district court convictions that appear in the record, is a sufficient factual basis to identify defendant as the perpetrator of the charged offenses and to sustain defendant's guilty plea. Accordingly, we hold that the trial court did not err in accepting the guilty plea.

## V. Conclusion

In summary, the trial court lacked jurisdiction to activate defendant's sentence and impose the judgments entered in response to defendant's admitted violations of probation because the violation reports were not filed before the expiration of defendant's period of probation. Therefore, we vacate those

judgments. The trial court did not err, however, in accepting defendant's guilty plea to the 2012 offenses because there was a sufficient factual basis for the court to accept such a plea.

08CRS52513-14, 08CRS51385-86, and 08CRS50460—VACATED.

12CRS050942-43, 12CRS051294— AFFIRMED.

Judges MCGEE and BRYANT concur.

Report per Rule 30(e).