ENOCHS, Judge, dissenting.
Because I would find that Defendant failed to establish appellate jurisdiction, I respectfully dissent from the majority opinion reaching the merits of Defendant's appeal.
Defendant argues on appeal that the trial court erred by denying her post-sentencing motion to withdraw her guilty plea. Defendant is correct as a general proposition that
[i]f at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.
N.C. Gen. Stat. § 15A-1024 (2015).
This Court has plainly and unambiguously held that "a defendant seeking review of the trial court's compliance with N.C. Gen. Stat. § 15A-1024 must obtain grant of a writ of certiorari." State v. Blount , 209 N.C.App. 340, 345, 703 S.E.2d 921, 925 (2011) (citation omitted and emphasis added). This is so because "a challenge to the procedures followed in accepting a guilty plea does not fall within the scope of *50 N.C. Gen. Stat. § 15A-1444 (2003) , specifying the grounds giving rise to an appeal as of right. Defendants seeking appellate review of this issue must obtain grant of a writ of certiorari." State v. Carriker , 180 N.C.App. 470, 471, 637 S.E.2d 557, 558 (2006) (internal citation omitted and emphasis added).
Defendant's appeal identifies no substantive challenge to the guilty plea she sought to withdraw. Nor did Defendant's counsel present any substantive argument before the trial court. Because her appeal raises only a procedural issue, in the absence of a writ of certiorari , this Court is without jurisdiction.
*491 "It is well-established that the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court sua sponte ." State v. Webber , 190 N.C.App. 649, 650, 660 S.E.2d 621, 622 (2008). Furthermore, it is fundamental that " '[i]n North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute' " State v. Tinney , 229 N.C.App. 616, 619, 748 S.E.2d 730, 733 (2013) (quoting State v. Pimental , 153 N.C.App. 69, 72, 568 S.E.2d 867, 869 (2002) ). Here, Defendant has not filed a petition for writ of certiorari . As a result, Defendant is not entitled to appellate review of the denial of her motion to withdraw her post-sentencing guilty plea and, as such, her appeal must be dismissed.
In Carriker , a defendant charged with felony possession of cocaine entered into a plea agreement in which she acquiesced to plead guilty to possession of drug paraphernalia and, in turn, receive a suspended sentence and pay a fine and court costs. Carriker , 180 N.C.App. at 470, 637 S.E.2d at 558. After pleading guilty, however, the trial court sentenced her to forty-five days imprisonment, suspended that sentence, and ordered her to surrender her nursing license. The defendant moved to withdraw her guilty plea, and the trial court denied her motion. Id.
On appeal, the defendant argued that the trial court erred in ordering her to surrender her nursing license because that portion of her sentence was not contemplated under the terms of her plea agreement, and further asserted that the trial court compounded its error by denying her post-sentencing motion to withdraw her guilty plea. Id. at 470-71, 637 S.E.2d at 558. The defendant, recognizing that our caselaw unambiguously requires that a petition for writ of certiorari must be filed when challenging the procedures followed in accepting a guilty plea under N.C. Gen. Stat. § 15A-1024, correctly filed a petition for writ of certiorari contemporaneously with her appeal. Id. at 471, 637 S.E.2d at 558.
This Court went on to expressly hold that
a challenge to the procedures followed in accepting a guilty plea does not fall within the scope of N.C. Gen. Stat. § 15A-1444 (2003) , specifying the grounds giving rise to an appeal as of right. Defendants seeking appellate review of this issue must obtain grant of a writ of certiorari. Defendant here filed a petition with this Court for a writ of certiorari, and we hereby allow the petition. Thus, we will review the merits of her contentions.
Id. (internal citation and quotation marks omitted and emphasis added). Carriker has been cited in subsequent cases by this Court including *492 Blount , wherein we reaffirmed our holding in Carriker by once more unambiguously providing that " 'a challenge to the procedures followed in accepting a guilty plea does not come within the scope of N.C. Gen. Stat. § 15A-1444 (2009), which specifies the grounds for appeals as of right.' " State v. Carriker , 180 N.C.App. 470, 471, 637 S.E.2d 557, 558 (2006) ; State v. Rhodes, 163 N.C.App. 191, 193, 592 S.E.2d 731, 732 (2004). Consequently, a defendant seeking review of the trial court's compliance with N.C. Gen. Stat. § 15A-1024 " 'must obtain grant of a writ of certiorari.' Carriker, 180 N.C.App. at 471, 637 S.E.2d at 558." Blount , 209 N.C.App. at 345, 703 S.E.2d at 925.
Carriker's holding is thus distinguishable from State v. Dickens , 299 N.C. 76, 261 S.E.2d 183 (1980), cited to by Defendant and the majority. In that case, the defendant's appeal was predicated N.C. Gen. Stat. § 15A-1022 -which presents a substantive legal issue concerning whether a proper factual basis existed to support a defendant's guilty plea. Id. at 82-83, 261 S.E.2d at 187. This is a wholly separate and distinct ground for an appeal of a post-sentencing motion to *51 withdraw a guilty plea than one brought pursuant to on N.C. Gen. Stat. § 15A-1024 which, as in the present case, deals with a procedural challenge involving the acceptance of a guilty plea. Indeed, § 15A-1024 is not addressed, discussed, or even mentioned in passing in Dickens given that the defendant's arguments in that case were wholly based upon his comprehension of his plea and whether a factual basis existed to support it rather than the procedures involved with accepting it. See also State v. Salvetti , 202 N.C.App. 18, 25, 687 S.E.2d 698, 703 (2010) (finding appeal as of right under 15A-1444(e) for appeal concerning post-sentencing motion to withdraw guilty plea premised upon N.C. Gen. Stat. § 15A-1022, but not discussing or addressing N.C. Gen. Stat. § 15A-1024 as that statute was never in issue).
Therefore, it is clear that Carriker , Blount , and Dickens are all in accord in that Carriker and Blount mandate that a petition for writ of certiorari is required when a procedural challenge is brought under § 15A-1444(e) -as "the procedures followed in accepting a guilty plea do[ ] not fall within the scope of N.C. Gen. Stat. § 15A-1444 [,]" Carriker , 180 N.C.App. at 471, 637 S.E.2d at 558 (internal citation and quotation marks omitted and emphasis added)-, whereas a substantive legal challenge brought under § 15A-1444(e) creates an appeal as of right, such as was the case in Dickens where the defendant's appeal was predicated on N.C. Gen. Stat. § 15A-1022. Defendant cannot establish appellate jurisdiction by attempting to camouflage her appeal as a substantive legal challenge by citing to inapplicable caselaw *493 concerning separate and distinct statutory provisions where it is clear that her appeal is plainly procedural in nature-indeed, Defendant does not argue otherwise-and predicated upon a separate and distinct statute concerning challenges to the procedures utilized by trial courts in denying post-sentencing motions to withdraw guilty pleas. It is axiomatic that simply because a defendant claims appellate jurisdiction exists by citing to certain statutes and caselaw, this does not make it so. See State v. Sale , 232 N.C.App. 662, 664, 754 S.E.2d 474, 477 (2014) ("Defendant purports to have a right to appeal the trial court's imposition of a special condition of probation pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a2) (2013). However, neither statute confers a right to appeal here."). To hold otherwise would needlessly and unnecessarily create a conflict in our caselaw that simply does not exist when Blount , Carriker , and Dickens are read carefully and in pari materia .
Consequently, because Defendant's attempted appeal is a procedural challenge concerning the trial court's acceptance of her post-sentencing motion to withdraw her guilty plea under § 1024, and "a challenge to the procedures followed in accepting a guilty plea does not fall within the scope of N.C. Gen. Stat. § 15A-1444 (2003) , specifying the grounds giving rise to an appeal as of right[,]" Carriker , 180 N.C.App. at 471, 637 S.E.2d at 558 (internal citation and quotation marks omitted and emphasis added), I would hold that her appeal must be dismissed in accord with the clear and immutable precedents established by this Court.