State v. Roberts

---

STATE OF NORTH CAROLINA v. RONALD ROBERTS

No. 793SC21

(Filed 1 May 1979)

1. Criminal Law § 181.3— denial of post-conviction relief—certiorari proper method of review

The proper method for defendant to seek appellate review of the trial court's order denying his petition for post-conviction relief was by writ of certiorari, since the time for appeal from defendant's trial had expired when he sought post-conviction relief, and there was no appeal pending at the time his petition for post-conviction relief was filed. G.S. 15A-1422(c)(3).

2. Criminal Law § 181— post-conviction hearing ordered

Order of the trial court denying defendant's petition for post-conviction relief is vacated and an evidentiary hearing is ordered where defendant raised substantial questions of violation of constitutional rights which could not be determined from the record.

APPEAL by defendant from *Reid, Judge*. Order entered 10 August 1978 in Superior Court, CARTERET County. Heard in the Court of Appeals 3 April 1979.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*A. B. Cooper, Jr., by Neil B. Whitford, for the defendant.*

CARLTON, Judge.

[1]  Defendant seeks to appeal the ruling of the superior court denying his petition for post-conviction relief filed on 17 July 1978.

G.S. 15A-1422 provides in pertinent part as follows:

. . . .

(c) The court's ruling on a motion for appropriate relief pursuant to G.S. 15A-1415 is subject to review:

. . . .

    (3) If the time for appeal has expired and no appeal is pending, by writ of certiorari.

The record discloses that defendant pled guilty to armed robbery on 8 June 1976 and was sentenced to 28 to 30 years in the Department of Correction on that same date. The "time for appeal" from his trial had therefore expired when he sought post-conviction relief. The record discloses no appeal pending at the time his petition was filed on 17 July 1978. Pursuant to G.S. 15A-1422(c)(3), defendant's proper method for seeking appellate review of Judge Reid's order was by writ of certiorari. No appeal lies from the trial court's order in this case.

The attempted appeal is dismissed. The record docketed here is considered as a petition for the issuance of a writ of certiorari. *See State v. Green*, 2 N.C. App. 391, 163 S.E. 2d 14 (1968).

[2]  It appears that the defendant has raised substantial questions of violation of constitutional rights which cannot be determined from the record and that an evidentiary hearing pursuant to G.S. 15A-1420(c) is necessary to determine these questions. It is therefore ordered that the order of Judge Reid dated 10 August 1978 be, and the same hereby is, vacated and this cause is remanded to the Superior Court, Carteret County for an evidentiary hearing, findings of fact and determination with respect to all allegations of denial of constitutional rights contained in the petition.

Vacated and remanded.

Judges PARKER and HEDRICK concur.