STATE OF NORTH CAROLINA v. CHARLES L. LOYE

No. 8118SC881

(Filed 6 April 1982)

**Constitutional Law § 48— conflict of interest between defendant and attorney—ineffective assistance of counsel**

Defendant's constitutional right to the effective assistance of counsel was denied because of a conflict of interest between defendant and one of his two privately retained attorneys where the attorney knew that he was under investigation for his own participation in criminal conduct involving defendant, and defendant's plea of guilty to armed robbery was thus not knowingly and voluntarily made. G.S. 15A-1420, G.S. 15A-1442(5) and G.S. 15A-1443(b).

Judge MARTIN (Robert M.) dissenting.

WRIT of certiorari granted to defendant from *Seay, Judge.* Judgment denying defendant's motion for appropriate relief entered 12 September 1979 in GUILFORD County Superior Court. Heard in the Court of Appeals 2 February 1982.

Defendant was indicted on an armed robbery charge stemming from a 28 August 1974 robbery of a Bestway Supermarket. Defendant pleaded not guilty, and was brought to trial, represented by privately retained counsel Richard Dailey and Arthur Vann. After damaging testimony was given by an accomplice to the armed robbery, defendant's attorneys advised defendant to enter a guilty plea, which he did. Defendant was sentenced to 28 to 30 years imprisonment, the maximum punishment for armed robbery being 30 years. Shortly after defendant was sentenced, defendant's attorney Richard Dailey was indicted for felonious receiving of stolen goods, a crime which also involved defendant.

In his application of post-conviction relief, defendant alleged that Dailey knew that the State was seeking defendant's testimony against Dailey, but that Dailey did not advise defendant, attorney Vann or the court of the conflict of interest inherent in these circumstances. On defendant's motion for appropriate relief, Judge Seay made findings of fact and entered a conclusion of law that no conflict of interest existed between defendant and his counsel, Richard Dailey, that attorney Vann's ignorance of the situation did not deprive defendant of effective assistance of counsel, and that defendant was accorded due process of law in the entire disposition of his case. Subsequent to Judge Seay's denial of relief, this Court allowed defendant's petition for a writ of certiorari.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Reginald L. Watkins, for the State.*

*Adam Stein, Appellate Defender, by Malcolm R. Hunter, Jr. and Lorinzo Joyner, Assistant Appellate Defenders, for defendant-appellant.*

WELLS, Judge.

Defendant contends that his constitutional right to effective assistance of counsel was denied because of the undisclosed conflict of interest existing between defendant and one of his attorneys, Richard Dailey. We agree, and award defendant a new trial.

A defendant is entitled to collaterally attack a judgment entered on his guilty plea, on the grounds that it was not voluntarily and knowingly given. *Blackledge v. Allison*, 431 U.S. 63, 52 L.Ed. 2d 136, 97 S.Ct. 1621 (1977); G.S. 15A-1420(c); *State v. Roberts*, 41 N.C. App. 187, 254 S.E. 2d 216 (1979). Where defendant alleges that ineffective assistance of counsel caused him to enter his guilty plea, an issue of constitutional rights arises, and the fact that defendant signed an agreement form does not bar his right to seek post-conviction relief. *See State v. Roberts*, supra, G.S. 15A-1420; G.S. 15A-1442(5); G.S. 15A-1443(b).

This case raises a question of conflict of interest rendering Dailey's representation of defendant ineffective; thus, cases discussing competency of representation are not apposite. *See*

*State v. Hutchins*, 303 N.C. 321, 279 S.E. 2d 788 (1981), and cases cited therein. Although we are not aware of previous decisions involving a conflict such as the one under review here, several Supreme Court cases involving claims of ineffective assistance of counsel in the context of an attorney's multiple representation of co-defendants are instructive.

In *Glasser v. U.S.*, 315 U.S. 60, 86 L.Ed. 680, 62 S.Ct. 457 (1942), the Supreme Court reversed a defendant's conviction for conspiracy where defendant's attorney also represented a co-defendant, and the court was aware of a conflict, but refused to appoint another attorney. Defendant Glasser was able to show prejudice, in that his attorney was prevented from seeking to exclude incompetent evidence and from conducting more effective cross-examinations because of his dual representation. The Court stated, however:

> To determine the precise degree of prejudice sustained by Glasser . . . is at once difficult and unnecessary. The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.

315 U.S. at 75, 76.

*Holloway v. Arkansas*, 435 U.S. 475, 55 L.Ed. 2d 426, 98 S.Ct. 1173 (1978) also involved multiple representation of co-defendants by one attorney in a single trial. As in *Glasser*, defendant Holloway's attorney was court-appointed, and the court knew of a conflict but refused to remedy it. With regard to the need of a defendant to show how he was specifically prejudiced by his counsel's conflicting interest, the Court stated:

> But in a case of joint representation of conflicting interests the evil—it bears repeating—is in what the advocate finds himself compelled to *refrain* from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process. It may be possible in some cases to identify from the record the prejudice resulting from an attorney's failure to undertake certain trial tasks, but even with a record of the sentencing hearing available it would [435 US 491] be difficult to judge intelligently the impact of a conflict on the attorney's representation of a client. And to assess the

impact of a conflict of interests on the attorney's options, tactics, and decisions in plea negotiations would be virtually impossible. Thus, an inquiry into a claim of harmless error here would require, unlike most cases, unguided speculation.

In *Cuyler v. Sullivan*, 446 U.S. 335, 64 L.Ed. 2d 333, 100 S.Ct. 1708 (1980) the Court reviewed *Glasser* and *Holloway*, stating:

Glasser established that unconstitutional multiple representation is never harmless error. Once the Court concluded that Glasser's lawyer had an actual conflict of interest, it refused "to indulge in nice calculations as to the amount of prejudice" attributable to the conflict. The conflict itself demonstrated a denial of the "right to have the effective assistance of counsel." 315 US, at 76, 86 L Ed 680, 62 S Ct 457. Thus, a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice [446 US 350] in order to obtain relief. See Holloway, supra, at 487-491, 55 L Ed 2d 426, 98 S Ct 1173. But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance. See Glasser, supra, at 72-75, 86 L Ed 680, 62 S Ct 457.

We hold that defendant's showing that Dailey was under investigation for his own participation in criminal conduct involving defendant, accompanied by Dailey's knowledge of these circumstances, established a conflict of interest between Dailey and defendant. It is therefore unnecessary for us to speculate as to whether or how much defendant may have been prejudiced by such a conflict. Prejudice in these circumstances must be conclusively presumed.

We hold that because defendant was denied effective assistance of counsel, his plea of guilty was not knowingly and voluntarily made. *See Blackledge*, supra, *Roberts*, supra. Defendant is therefore entitled to a

New trial.

Judge WEBB concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.), dissenting.

The majority holds that because Petitioner was denied effective assistance of counsel his plea was not knowingly and voluntarily made and therefore he is entitled to a new trial. In my disagreement with this holding, I find it helpful to review the record in some depth which includes the trial transcript of the testimony of Allen Odell Smith.

Petitioner was charged by indictment in proper form with armed robbery. At the 1 December 1975 Session of Superior Court, Guilford County, the petitioner, Charles Loye, was brought to trial. He entered a plea of not guilty. The evidence showed that in gang-like style, the petitioner Loye and his confederates, with the use of a pistol and sawed-off shotgun, robbed Mr. Carlton P. Collins of $4,010.00.

Petitioner privately retained two experienced attorneys, Mr. Richard M. Dailey, Jr. and Mr. Arthur Vann, to represent him at his trial and they were heard at every stage of the proceedings. Both attorneys interposed numerous objections to the State's evidence. Mr. Arthur Vann, a lawyer of unquestioned competence, conducted a rigorous and rigid cross examination of the State's principal witness which consumed thirty-eight (38) pages of the record.

After two and one-half days of trial, the petitioner Loye entered a negotiated plea of guilty of armed robbery and by the terms of which the State dismissed eleven (11) felony cases pending against him, including conspiracy to commit murder against some of the State's witnesses.

The record contains the following pertinent excerpts taken from the transcript of plea filed December 4, 1975.

3. Have you had time to talk about your case with your lawyer and are you satisfied with his services? Answer   Yes

5. Do you understand that you are charged with the (felony) (misdemeanor) of Armed Robbery-that is Robbery w/a Firearm? Answer   Yes

6. Do you understand the nature of this charge? Answer   Yes

7. Do you understand that upon your plea of (guilty) (no-contest) you could be imprisoned for a maximum of thirty (months) (years) including consecutive sentences, and a mandatory minimum sentence, if applicable, of five (months) (years)? Answer   Yes

8. Do you understand that you have the right to plead not guilty and be tried by a jury and be confronted by the witnesses against you, and that by your pleading (guilty) (no-contest) you give up these and other constitutional rights? Answer   Yes

9. I now inquire of the prosecutor and of the defendant and his counsel whether or not there have been any prior plea discussions. Before you answer, I advise you that the courts have approved plea bargaining and have said that it is an important part of the administration of justice to be encouraged. You should, therefore, advise me truthfully of any plea arrangements without the slightest fear of incurring disapproval of the court. Now therefore, have you agreed to plead (guilty) (no contest) upon terms of a plea arrangement? Answer   Yes

10. Are these the terms and all of them? That the State dismiss the following cases 75CR20435, 75CR20440, 75CR20493, 75CR20432, 75CR20439, 75CR20416, 75CR20404, 75CR20413, 75CR20405, 75CR20399, 75CR90052; that prayer for judgment be continued until Feb. 16, 1976 and that the defendant remain in custody until that date or until final judgment is entered herein? Answer   Yes

11. Except for the terms set out above, if any, has anyone made any promises to you or threatened you in any way to cause you to plead (guilty) (no contest)? Answer   No

12. How do you plead to the charges? Answer   Guilty

13. (a) Are you in fact guilty? (Omit if plea is no contest) Answer   Yes

14. Do you plead (guilty) (no--contest) of your own free will, understanding what you are doing? Answer   Yes

15. Do you have any questions about what I have just said to you? Answer   No

State v. Loye

I am 35 years of age and completed the 12th grade of school.

I have read or have heard read all of these questions and answers and understand them. The answers shown are the ones I gave in open court and they are true and accurate. The conditions of the plea of (guilty) (no contest) as stated on the reverse hereof are accurate.

Date Dec. 4, 1975                    s / CHARLES L. LOYE
                                     Defendant

(Sworn to this 4 day of Dec., 1975)

                                     s / CHARLOTTE HICKS, Dep.
                                     Clerk of Superior Court

As attorney for the defendant, Charles L. Loye, I hereby certify that the conditions stated on the reverse hereof, if any, upon which the defendant's plea of (guilty) (no-contest) was entered are correct and they are agreed to by the defendant and myself as his attorney upon which the defendant's plea of (guilty) (no-contest) was entered.

                                     s / ARTHUR VANN
                                     s / RICHARD M. DAILEY, JR.
Date Dec. 4, 1975                    Attorney for Defendant

As Asst. prosecutor for the 18th Judicial District I hereby certify that the conditions stated on the reverse hereof, if any, are the terms agreed to by the defendant and his counsel and myself for the entry of the plea of (guilty) (no contest) by the defendant to the charge in this case.

Date 12-4-75                         s / JOSEPH R. JOHN
                                     Asst. Prosecutor

- - - - -

PLEA ADJUDICATION (Filed Dec. 4, 1975)

The undersigned Presiding Judge upon examination of the record proper and hearing statement of counsel for the defendant and the prosecutor, and upon considering the evidence offered, makes the following findings:

---

State v. Loye

---

1. That the terms, if any, of the plea of (guilty) (~~no-contest~~) are accepted by the Court.

2. That there is a factual basis for the entry of the plea.

3. That the plea of (guilty) (~~no-contest~~) was the result of an informed choice by the defendant and is made freely, voluntarily, and with full knowledge of the consequences.

Upon the foregoing findings, the defendant's plea of (guilty) (~~no-contest~~) is hereby accepted by the Court and ordered recorded.

This the 4 day of December, 1975.

s / GEORGE M. FOUNTAIN
Presiding Judge

JUDGMENT AND COMMITMENT — 75CR20358

In open court, the defendant appeared for trial upon the charge or charges of Robbery with a firearm and thereupon entered a plea of Not Guilty. During the state's evidence the defendant withdrew his plea of not guilty and entered a plea of guilty as charged on December 4, 1975 and prayer for judgment having been continued until February 16, 1976.

Having pled guilty of the offense of Robbery with a firearm which is a violation of G.S. 14-87 and of the grade of Felony

It is ADJUDGED that the defendant be imprisoned for the term of not less than twenty-eight (28) nor more than thirty (30) years in the State Department of Correction. The defendant is to be given credit for 105 days spent in custody awaiting trial.

It is ORDERED that the Clerk deliver two certified copies of this judgment and Commitment to the Sheriff or other qualified officer and that said officer cause the defendant to be delivered, with such copies as commitment authority, to the appropriate official of the State Department of Correction.

This 19 day of February, 1976.

                    s / THOMAS W. SEAY, JR.
                    Presiding Judge

Attorney for Defendant: Art Vann, Richard Dailey,
                    E. L. Alston, Jr.
Attorney for the State: Joseph John
Date certified copies of judgment delivered to Sheriff for
commitment: 2-20-76

The following are pertinent excerpts taken from the judgment on motion for appropriate relief filed September 11, 1979:

Plenary hearing was held on the 19th day of July, 1979. The petitioner was present and was represented by Thomas F. Loflin, III. The State of North Carolina was represented by James Coman, Charles Wannamaker, III, and Howard R. Greeson, Assistant District Attorneys.

The trial complained of was held in the Superior Court of Guilford County with judgment entered on the 4th day of December, 1975, when the petitioner withdrew his plea of not guilty following the impanelling of a jury and did enter a plea of guilty to the charge of robbery with a firearm, which plea was accepted by the Presiding Judge George M. Fountain, who thereafter continued sentencing until February 19, 1976; that at the said sentencing hearing which was conducted before Judge Thomas W. Seay, Jr., the petitioner herein was sentenced to be imprisoned for a term of not less than twenty-eight years nor more than thirty years in the North Carolina Department of Correction.

The Court finds that the petitioner has alleged and contends that his constitutional or legal rights were denied or violated during his original trial in December of 1975 in each of the following respects:

3. That the petitioner was deprived of his right to effective assistance of counsel in that one of his trial attorneys, Richard Dailey, had a material conflict in representing the petitioner in that said Dailey was later indicted and convicted of feloniously receiving stolen property from the Petitioner Loye.

4. That the petitioner was deprived of his right to effective representation and assistance of counsel in that petitioner's attorney, Arthur Vann, was unaware of Attorney Richard Dailey's involvement in feloniously receiving stolen property from the petitioner and unaware that a conflict of interest existed between Attorney Dailey and petitioner and was thus prevented from adequately representing petitioner.

That the Court heard the evidence of the petitioner, the arguments of the attorney for the petitioner, evidence for the State and argument of the District Attorney, and each side stated that it had no further evidence to present.

From a consideration of all the competent evidence offered and after considering the arguments of counsel, the Court finds that:

1. In case bearing Docket No. 75CR20358, the petitioner, Charles Loye, withdrew his plea of not guilty after a jury had been impanelled and some evidence presented and moved the Court that he be allowed to plead guilty to robbery with a firearm which was accepted on the 4th day of December, 1975, by Judge George Fountain, presiding in the Superior Court of Guilford County, said plea being upon a true bill of indictment returned at the November 10, 1975, Session by the Grand Jury, which said bill charged the felony of robbery with a firearm.

2. That this sentence imposed on February 19, 1976, at the sentencing hearing was a term of imprisonment of not less than twenty-eight years nor more than thirty years.

3. That prior to the petitioner's trial in December of 1975, the following attorneys were privately employed to represent the petitioner at his said trials and did so serve: Arthur Vann and Richard Dailey.

4. That the undersigned Judge of the Superior Court has seen and observed the witnesses testifying on the stand and has determined what weight and credibility to give their testimony.

5. That petitioner's plea of guilty to the offense of robbery with a firearm and the judgment imposed thereon was

pursuant to and a part of a negotiated plea which involved a great number of cases and disposed of a great number of cases and at the sentencing hearing, the petitioner herein did enter his plea knowingly and of his own free will after having been advised of his rights as provided by law and after being advised at length of the terms of the negotiated plea of guilty.

Based upon the foregoing findings of fact, the Court concludes and finds as a matter of law that:

3. That the sentencing Judge and this Court finds, determines and concludes that petitioner's plea of guilty to the felony of armed robbery was freely, understandingly, and voluntarily made and that the petitioner did state under oath that he was in fact guilty of the offense of robbery with a firearm and that the said plea was a part of a plea bargain which provided that the State would dismiss eleven pending cases against the petitioner.

4. That the sentence imposed was not excessive, cruel, or unusual and was within the statutory limits and that the petitioner was represented by competent counsel, Arthur Vann and Richard Dailey, who afforded him effective representation throughout all of the proceedings against the petitioner.

6. It is herein found and concluded that there is no evidence which is believable to establish any conflict of interest existing between the petitioner and his attorney, Richard Dailey; the records and the evidence presented establish that petitioner was competently represented by all of his attorneys at his December, 1975, trial and entry of the plea and the sentencing hearing, and that there is no evidence that could be believed that any criminal relationship existing between petitioner and his attorney, Richard Dailey, in any manner deprived petitioner of his right to effective assistance of counsel. To the contrary it is evidence and the Court finds as a fact and concludes that petitioner was represented by Arthur Vann at his trial and sentencing hearing and that the said Arthur Vann is an experienced and widely known and respected criminal defense lawyer.

7. The Court finds and concludes that the fact that Attorney Arthur Vann was not aware of the alleged criminal relationship between the petitioner and Richard Dailey and that it in no way affected the quality of the representation rendered for the petitioner at his said trial and sentencing and did not deprive petitioner of being represented by competent counsel.

9. That the Court finds and concludes that the petitioner was not deprived of due process of law in his right to confront and examine the witness Smith in that the Court specifically finds that petitioner and his counsel were advised of the plea arrangements with the witness Smith as they existed at the time of the testimony of said witness Smith.

10. The Court finds and determines and concludes that there is no evidence that can be believed that petitioner withdrew his plea of not guilty and tendered a plea of guilty for the reason that the witness Smith did not testify truthfully at the December trial concerning his plea arrangement and treatment upon incarceration; this Court specifically finding that there was a factual basis for the plea of guilty by the petitioner, said factual basis being supported by the evidence at petitioner's December trial and petitioner's transcript of plea; and that there is no evidence to support any alleged violation of petitioner's constitutional rights by reason of his alleged criminal enterprise with Richard Dailey, his attorney; and the Court specifically finds that there is no evidence that can be believed that the State of North Carolina elicited testimony from the witness Smith that was a deliberate falsehood known to the State of North Carolina but not known to the petitioner or his trial counsel to be false concerning the petitioner's sentence that could be imposed upon the witness Smith's sentencing for his crimes, specifically that of the offense of armed robbery.

11. That the petition of the petitioner seeking to have his plea of guilty to the offense of robbery with a firearm vacated and to be allowed to plead anew and to seek and be granted a new trial should be and is herein denied and dismissed.

State v. Loye

NOW, THEREFORE, IT IS ORDERED:

1. That the petitioner, Charles Loye, had a fair and impartial trial and none of his constitutional or legal rights were denied or violated in any respect before, during, and after his trial in December of 1975, nor at his sentencing hearing on February 19, 1976.

2. That the petition and the motion of the petitioner for his release and to vacate his plea of guilty to robbery and to be allowed to plead anew and for a new trial are hereby denied and dismissed.

3. That the judgment and sentence of the Court entered in this case is legal, valid and proper and was entered in full compliance with due process of law.

This the 12 day of September, 1979.

s / THOMAS W. SEAY, JR.
JUDGE PRESIDING

*Cuyler v. Sullivan*, 446 U.S. 335, 348, 64 L.Ed. 2d 333, 346-347, 100 S.Ct. 1708 (1980), cited by petitioner, involves an issue of conflict of interest arising from the multiple representation of codefendants. Significantly, the court rejects the argument that the possibility of conflict is sufficient to impugn a criminal conviction. "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."

N.C.G.S. § 15A-1420(c)(5) provides: "If an evidentiary hearing is held, the moving party has the burden of proving by a preponderance of the evidence every fact essential to support the motion." *State v. Dickens*, 299 N.C. 76, 261 S.E. 2d 183 (1980).

Neither the United States Supreme Court, nor this Court, has fashioned a rule to guide us in determining whether an accused was denied his Constitutional right to effective assistance of counsel due to counsel's . . . conflicting loyalties. . . .

*State v. Sneed*, 284 N.C. 606, 612, 201 S.E. 2d 867, 871 (1974).

[E]ach case must be approached upon an *ad hoc* basis, view-
ing circumstances as a whole, in order to determine whether
an accused has been deprived of effective assistance of
counsel.

*Id.* at 613, 201 S.E. 2d 872.

[T]he incompetency (or one of its many synonyms) of counsel
for the defendant in a criminal prosecution is not a Constitu-
tional denial of his right to effective counsel unless the at-
torney's representation is so lacking that the trial has
become a farce and a mockery of justice.

*Id.* at 612, 201 S.E. 2d 871.

Petitioner testified at the hearing as follows:

I recall going on trial during the week of the first of
December 1975 in connection with an alleged armed robbery
of the Bestway Supermarket located on High Point Road in
this county. At that time there were several co-defendants on
trial with me. At the trial proper I was represented by Mr.
Arthur Vann and Mr. Richard Dailey. During the course of
that trial I changed my plea from not guilty to guilty. This
was after several witnesses had testified. Charlie Smith was
the first witness and I think the owner of the grocery store
testified and one of his cashiers or assistants. I changed my
plea after consulting with my two lawyers, Mr. Dailey and
Mr. Art Vann.

. . .

My position with Mr. Vann was that I wanted to plead not
guilty and fight the case out. I changed my mind and pled
guilty basically because of Mr. Smith's testimony.

. . .

After listening to Smith's testimony it was my opinion that
the jury would convict me if I persisted in my not guilty plea.

In the instant case petitioner was represented throughout
the proceedings by Mr. Vann, an able attorney with a long and
successful practice in the trial of criminal as well as civil cases.

The courts have consistently required a stringent standard of
proof on the question of whether an accused has been denied con-

stitutionally effective representation. The petitioner has failed to carry the burden of proof placed upon him by virtue of N.C.G.S. § 15A-1420(c)(5).

The record wholly fails to reveal that petitioner has been deprived of any right guaranteed by the Federal or State Constitutions, and I am of the opinion that the judgment should be affirmed.