STATE v. LARRY M. McINTOSH.

(Filed 19 December 1963.)

**1. Criminal Law § 26—**

A valid plea of former jeopardy must be based upon a prior prosecution for an offense which is the same both in fact and in law, and it is not sufficient that the two offenses grow out of the same transaction.

**2. Criminal Law §§ 10, 11—**

The crime of accessory before the fact and that of accessory after the fact are distinct; the crime of accessory after the fact must have its beginning after the prior offense has been committed, and is a separate substantive crime and not a lesser degree of the principal crime. G.S. 14-5, G.S. 14-7.

**3. Criminal Law § 26;   Robbery § 1—**

An acquittal of a charge of accessory after the fact of armed robbery will not support a plea of former jeopardy in a subsequent prosecution of the same defendant for armed robbery, since the two offenses are different in law and in fact. G.S. 14-87, G.S. 14-7.

APPEAL by defendant Larry M. McIntosh from *Shaw, J.,* regular August 8, 1963 Session, GUILFORD Superior Court, Greensboro Division.

The appellant and John J. Pollart were charged in the following bill of indictment:

"*INDICTMENT* — Armed Robbery
"STATE OF NORTH CAROLINA
  Guilford County

SUPERIOR COURT
November 30, Criminal
Term, A.D. 1959

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That John J. Pollart and Larry M. McIntosh, late of

the County of Guilford, on the 18th day of July, in the year of our Lord one thousand nine hundred and fifty-eight, with force and arms, at and in the County aforesaid, unlawfully, wilfully and feloniously, having in possession and with the use and threatened use of certain firearms or other dangerous weapon, implement or means, to-wit: a certain pistol, the life of W. A. Strickler was endangered and threatened, did unlawfully take personal property, to-wit: $1,795.00 in good and lawful money of the United States of America, of the value of $1,795.00, from W. A. Strickler, at Guilford County, North Carolina, where the said W. A. Strickler was in attendance, against the form of the statute in such case made and provided and against the peace and dignity of the State.

/S/  HORACE R. KORNEGAY, Solicitor."

The defendant John J. Pollart was arraigned at the December Term, 1959, and entered a plea of guilty to the charge in the foregoing indictment. When the defendant Larry M. McIntosh (appellant herein) was arraigned at the August 28, Session, 1963, on the same bill and before pleading to the merits, he filed a written plea of former jeopardy to which he attached a copy of a bill of indictment upon which he had been tried:

"*INDICTMENT* — ACCESSORY AFTER THE FACT OF ARMED ROBBERY
STATE OF NORTH CAROLINA
GUILFORD COUNTY

SUPERIOR COURT
September 14, Criminal Term,
A.D., 1959

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Larry M. McIntosh, late of the County of Guilford, on the 18th day of July, A.D., 1958, with force and arms, at and in the County aforesaid, unlawfully, willfully and feloniously, well knowing one John J. Pollart to have done and committed, on the day and date aforesaid, a felonious robbery with a dangerous implement, by having in possession and with the use and threatened use of certain firearms, to-wit: a pistol whereby the life of W. A. Strickler was endangered and threatened, and by unlawfully taking $1,795.00 in good and lawful money of the United States from the said W. A. Strickler, in Guilford County, North

Carolina, where the said W. A. Strickler was in attendance, afterwards and with full knowledge and well knowing that the said John J. Pollart had done and committed the aforesaid robbery with a dangerous implement, did him the said John J. Pollart, then and there receive, harbor, maintain, comfort, assist, shield, and transport from the scene of the aforesaid felony and otherwise assist and aid him, the said John J. Pollart, to escape arrest and punishment for the commission of the aforesaid felony, against the form of the statute in such case made and provided and against the peace and dignity of the State.

/S/   HORACE R. KORNEGAY, Solicitor."

Appellant offered minutes of the Superior Court session of July 16, 1963, showing that he was tried and acquitted as accessory after the fact as charged in the foregoing indictment. After a full hearing on the plea of former jeopardy, Judge Shaw entered the following order:

"NORTH CAROLINA
GUILFORD COUNTY
    Case No. 9742
STATE OF NORTH CAROLINA
       v.
LARRY M. McINTOSH

IN THE SUPERIOR COURT
JULY 8, 1963, CRIMINAL TERM
GREENSBORO DIVISION

### ORDER

"The above case having been called for trial and the defendant having been requested to enter his plea to the Bill of Indictment returned at the November 30, 1959, Criminal Term of the Court charging him with armed robbery on the 18th day of July, 1958;

"In response to said request the defendant in apt time through counsel filed with the Court, in writing, his duly verified plea of former jeopardy, plea of res adjudicata, plea of former acquittal, motion to dismiss, plea in bar and in abatement;

"And the Court having read and considered the defendant's consolidated pleas and motions and the Court having heard argument of counsel for the defendant and of the Solicitor for the State and having read and considered the authorities cited;

"IT IS CONSIDERED AND ADJUDGED that all and singular the pleas so submitted be, and the same are hereby DENIED, and the defendant's motion to dismiss is hereby OVERRULED. The defendant EXCEPTS. (EXCEPTION #1).

"This the 9th day of July, 1963.

"Eugene G. Shaw, Judge Presiding."

After his plea had been overruled, appellant entered a plea of not guilty to the charge of armed robbery. At the conclusion of the State's evidence, defendant's motion for a directed verdict of not guilty was denied. He did not offer evidence. The jury returned a verdict of "guilty as charged." From the judgment of imprisonment of not less than five nor more than ten years, the defendant appealed, assigning numerous errors.

*T. W. Bruton, Attorney General, Harry W. McGalliard Asst. Attorney General for the State.*

*Robert S. Cahoon for defendant appellant.*

HIGGINS, J. The defendant contends his trial and acquittal on the charge that he assisted Pollart in escaping detection, arrest and punishment, knowing Pollart had committed the robbery, was in effect an acquittal of the charge that he was a participant in that robbery. Admittedly, the plea of former jeopardy should have been sustained if the appellant had already been tried for the robbery.

The cases are numerous in which this Court has considered pleas of former jeopardy. Uniformly the plea has been held good if the first trial was upon a bill of indictment which embraced the offense charged in the second trial. This is the crucial question: Has the defendant been put in jeopardy for the same offense? In *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838; *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424; *State v. Hicks,* 233 N.C. 511, 64 S.E. 2d 871; *State v. Bell,* 205 N.C. 225, 171 S.E. 50; *State v. Malpass,* 189 N.C. 349, 127 S.E. 248, and many others this Court has considered the problem. "To support a plea of former acquittal it is not sufficient that the two prosecutions should grow out of the same transaction, but they must be the same offense— *the same both in fact and law.* . . . This test applied in the *Barefoot* case is indubitably the correct test for determining, upon a plea of former jeopardy, whether offenses are the same in fact and in law. Our Court has consistently applied this test in a long line of opinions. The number of cases is too great to justify a complete listing here, but the following are typical." (citing many cases) *State v. Birckhead, supra.*

Unquestionably armed robbery under G.S. 14-87 differs in fact and in law from accessory after the fact under G.S. 14-7. Otherwise a principal might be guilty of robbery and then be guilty of aiding and abetting himself or some other participant in escaping detection, arrest and prosecution. On a charge for robbery the State must show active participation or accessory *before the fact.* On a charge of accessory after the fact the State must show (1) robbery, (2) the accused knew of it and (3) possessing that knowledge he assisted the robber in escaping detection, arrest and punishment. *State v. Williams,* 229 N.C. 348, 49 S.E. 2d 617. A participant in a felony may no more be an accessory after the fact than one who commits larceny may be guilty of receiving the goods which he himself had stolen. The crime of accessory after the fact has its beginning after the principal offense has been committed. How may an accessory after the fact render assistance to the principal felon if he himself is the principal felon? A comparison of G.S. 14-5, defining accessory before the fact, and G.S. 14-7, accessory after the fact, clearly indicates the necessity of holding the latter is a substantive crime—not a lesser degree of the principal crime. *State v. Jones,* 254 N.C. 450, 119 S.E. 2d 213.

The defendant's trial and acquittal on the charge of accessory after the fact did not bar the State from trying him for the armed robbery. Judge Shaw correctly overruled the plea of former jeopardy. *State v. Hooker,* 145 N.C. 581, 59 S.E. 866.

We have examined the numerous assignments of error based on objections to the evidence and to the charge and find them without merit.

No error.