STATE OF NORTH CAROLINA v. WILLIAM COX

No. 782SC231

(Filed 1 August 1978)

1. **Criminal Law § 26.5— not guilty of armed robbery—trial as accessory—no double jeopardy**

    The trial of defendant on a charge of accessory after the fact of armed robbery after a directed verdict of not guilty was entered in a trial of defendant for armed robbery did not violate the principle of double jeopardy since accessory after the fact of armed robbery is not a lesser included offense of armed robbery, and the directed verdict of not guilty of armed robbery did not decide the issue of whether defendant joined the criminal scheme after the robbery was completed.

2. **Criminal Law § 92.3— failure to consolidate charges—no violation of statute**

The trial of defendant on a charge of accessory after the fact of armed robbery after a directed verdict of not guilty was entered in a trial of defendant for armed robbery did not violate the joinder of offenses statute, G.S. 15A-926, so as to require dismissal of the accessory charge since (1) there could have been no joinder of offenses because defendant had not been charged as an accessory at the time of the armed robbery trial, and (2) armed robbery and accessory after the fact to armed robbery are mutually exclusive offenses and not joinable for trial.

3. **Arrest and Bail § 3.6; Searches and Seizures § 11— warrantless search and arrest—probable cause**

Officers had probable cause to stop and search defendant's automobile and to arrest defendant without a warrant after the search where an officer saw defendant operating an automobile near a convenience store; the officer saw three black males standing across from the store, heard someone yell at defendant, and saw defendant make a U-turn and pull his automobile up to the area where the black males were standing; the officer observed that one of the black males wore a big black coat; the officer thereafter learned that the convenience store had been robbed by three black males, one of whom was wearing a black coat; an hour after the robbery, officers stopped an automobile which fit the description of the automobile the officer had observed defendant driving in the vicinity of the crime and which was occupied by four black males; officers observed a sawed-off shotgun in the front seat; and an officer who entered the car to retrieve the shotgun observed a bank bag protruding from under the seat similar to bank bags taken in the robbery.

4. **Constitutional Law § 68— trial as accessory—refusal of perpetrators to testify —no showing of prejudice**

In a prosecution for accessory after the fact of armed robbery, defendant has shown no prejudice from the fact that the three men who committed the robbery indicated that, on the advice of their counsel, they would refuse to testify in defendant's trial where the record did not show any attempt to call the three as witnesses or what their testimony would have been had they been called as witnesses.

5. **Criminal Law § 11; Robbery § 4.6— accessory after fact of armed robbery—sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for accessory after the fact of armed robbery where it tended to show that three black males robbed a convenience store at gun point; defendant was observed at the approximate time of the robbery driving his car down the street on which the store was located; three black males were observed standing across from the convenience store; someone yelled at defendant and he made a U-turn and drove to the spot where the three men were standing; an hour later defendant was found driving a car occupied by three males who later pled guilty to robbing the convenience store; and a shotgun and bank bag fitting the description of bags taken in the robbery were found in defendant's car.

APPEAL by defendant from *Tillery, Judge*. Judgment entered 27 October 1977 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 28 June 1978.

On 16 February 1977, three black males entered the Zip Mart, located at East Third and Brown Streets in Washington, held a shotgun on the manager, Christine Boone, and took $106.00 from the cash register and safe. At the approximate time of the robbery, Officer J. D. Lockley of the Washington Police Department, was driving to work on Third Street. In front of him was a white Plymouth Valiant with dealer license tags, which he observed was being operated by defendant. As Officer Lockley drove past the Zip Mart, he saw three black males standing on the side of the street opposite the Zip Mart and heard someone yell at defendant. The defendant drove a bit further down the street, made a U-turn and pulled his car up near the black males. When Officer Lockley arrived at Police Headquarters, he was informed by the dispatcher of a possible robbery at the Zip Mart on Third Street. He went to the Zip Mart and questioned Mrs. Boone about the incident. She told the officer that three black males had just entered the store and robbed her. Officer Lockley asked her if one of the men was wearing a big black coat and could she give a description of the man. Mrs. Boone answered yes and described the man. Officer Lockley had observed that one of the black males standing across from the Zip Mart earlier that night was wearing a big black coat. Deputy sheriffs located a white Valiant with dealer license tags occupied by four black males later that night. They stopped the vehicle, noticed a sawed-off shotgun inside the car, and arrested the occupants. A search of the interior of the car was then performed and the deputies found two blue First Citizens Bank and Trust Company bank bags similar to the ones allegedly taken from the Zip Mart. Defendant was the operator of the white Valiant.

Defendant and the three fellow occupants of the car were charged with armed robbery. Of the four, defendant alone pled not guilty. He was tried on the charge of armed robbery, but the trial judge directed a verdict of not guilty at the close of the State's evidence. The defendant was then served with a warrant charging him with the offense of accessory after the fact to armed robbery. Prior to trial on the accessory charge, defendant moved to dismiss the case on the grounds that a trial on accessory

charges would violate his double jeopardy protections, but the motion was denied. At trial, defendant moved to dismiss on the basis that the joinder of offenses statute, G.S. 15A-926, had been violated. That motion was also denied. From a jury verdict of guilty of accessory after the fact to armed robbery, defendant was sentenced to a ten year term in prison. He appeals to this Court.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Wilkinson and Vosburgh, by James R. Vosburgh, for defendant appellant.*

WEBB, Judge.

[1] Defendant contends the second trial on accessory after the fact to armed robbery charges violates the principles of double jeopardy and the joinder of offenses statute, G.S. 15A-926, and thus it was error for the trial court to deny his motions to dismiss. We do not agree with defendant. In support of his argument that a second trial would offend double jeopardy protections, defendant relies on *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed. 2d 469 (1970) in which the Court held that the principles of collateral estoppel are embodied in the Fifth Amendment's guarantee against double jeopardy. Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson, supra*, at 443. In the *Swenson* case, three or four masked gunmen interrupted a six-man poker game and robbed each of the players. The defendant was tried for the robbery of one of the players and was acquitted. Six weeks later, the defendant was brought to trial for the robbery of another of the players and was convicted. In reversing the conviction of the second trial, the Court stated that when a defendant seeks to prohibit the trial of an issue because of a prior general verdict of acquittal, the Court must examine the record of the prior proceeding and determine " 'whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' " *Ashe v. Swenson, supra*, at 444. The Court in *Swenson* concluded that the only

conceivable issue before the jury in the first trial was whether the defendant was one of the robbers. The jury having found that he was not one of the robbers by its verdict, subsequent prosecution for the robbery of another poker player was prohibited. In the instant case, the directed verdict of not guilty of armed robbery foreclosed the State from subsequent prosecutions for armed robbery of this Zip Mart or for any lesser included offenses of armed robbery. But, accessory after the fact of armed robbery is not a lesser included offense of armed robbery. *State v. McIntosh*, 260 N.C. 749, 133 S.E. 2d 652 (1963). Therefore, general double jeopardy notions would not bar the trial of defendant on charges of accessory after the fact to armed robbery. We are without the benefit of the record in defendant's trial for armed robbery, but accepting as true defense counsel's statement that the evidence introduced at both trials was virtually the same, we find that the directed verdict of not guilty of armed robbery only removes the issues of whether defendant participated as a principal robber or whether he aided and abetted in the commission of the robbery. The possibility remains that after the robbery was committed, the defendant assisted the felons by transporting them in his car from the scene of the crime. Since "[t]he crime of accessory after the fact has its beginning after the principal offense has been committed," the directed verdict of not guilty of armed robbery did not decide the issue of whether the defendant joined the criminal scheme after the robbery was complete. *See State v. McIntosh, supra*, at 753.

[2] As an alternative, defendant contends the joinder of offenses statute, G.S. 15A-926 requires the dismissal of the accessory charges. G.S. 15A-926 provides in part:

(a) Joinder of Offenses. — Two or more offenses may be joined in one pleading when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. Each offense must be stated in a separate count as required by G.S. 15A-924.

\*    \*    \*

(c) Failure to Join Related Offenses. —

\*    \*    \*

(2) A defendant who has been tried for one offense may thereafter move to dismiss a charge of a joinable offense. The motion to dismiss must be made prior to the second trial, and must be granted unless

    a. A motion for joinder of these offenses was previously denied, or

    b. The court finds that the right of joinder has been waived, or

    c. The court finds that because the solicitor did not have sufficient evidence to warrant trying this offense at the time of the first trial, or because of some other reason, the ends of justice would be defeated if the motion were granted.

Defendant argues that armed robbery and accessory after the fact to armed robbery were joinable offenses since both charges arose from the same transaction and the evidence for proof of both charges was available at the first trial. He further contends that he questioned the district attorney as to whether accessory after the fact charges would be brought and he was advised that they would not. We are sympathetic with defendant's dilemma, but we do not believe G.S. 15A-926(c)(2) mandates the dismissal of accessory charges. At the outset, we note that defendant had not been charged with the offense of accessory after the fact to armed robbery. There could be no joinder of offenses in the absence of a second offense to join with the first. Additionally, Judge Tillery found armed robbery and accessory after the fact of armed robbery to be mutually exclusive offenses and not joinable for trial. We agree with this holding.

[3] Defendant next contends that his arrest without a warrant and the search and seizure of evidence from his automobile were unlawful. The legality of the search and subsequent arrest must stand or fall on whether there was probable cause to stop and search defendant's automobile. In defendant's view, his presence near the scene of the crime at the approximate time of the crime is not enough to create a reasonable belief that defendant had committed or was committing a crime. We might agree with defendant if those were the only circumstances before us, but they are not. We must consider all of the circumstances, including

the facts that Officer Lockley knew defendant and recognized him as the operator of the white Plymouth Valiant that night; that he saw three black males standing across from the Zip Mart; that after someone yelled at defendant, he made a U-turn and pulled up his car to the vicinity where the black males were standing; that Officer Lockley observed one of the black males wearing a black coat and Mrs. Boone later confirmed of three black males who had robbed the Zip Mart, one was wearing a black coat; that approximately an hour after the robbery, officers stopped a white Plymouth Valiant fitting the description of the car observed by Officer Lockley and occupied by four black males; that when the occupants stepped from the car the interior dome light came on, and a detective observed a sawed-off shotgun in the front seat; and that when the detective entered the car to retrieve the shotgun, he observed a blue bank bag protruding from under the seat. We hold that these facts are sufficient to create a reasonable belief that the automobile was carrying contraband or the fruits of crime. Given their authority to stop and search, the seizure of evidence they found in plain view, plus the connection of the seized evidence with the earlier robbery, the officers had probable cause to arrest the defendant. *See State v. Harris*, 279 N.C. 307, 182 S.E. 2d 364 (1971); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419, *rehearing denied*, 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed. 2d 94 (1970); *Pennsylvania v. Mimms*, --- U.S. ---, --- S.Ct. ---, 54 L.Ed. 2d 331 (1977).

Error has been assigned to certain evidentiary rulings and to the trial court's instructions to the jury. We note, however, that defendant has not presented any argument or authority in support of these exceptions. They are deemed abandoned. Rule 28(b), Rules of Appellate Procedure.

[4]   At the close of the State's evidence, the defendant moved for a mistrial on the grounds that he was denied his right of compulsory process for obtaining witnesses in his favor because the three men who robbed the store indicated that, on the advice of counsel, they would refuse to testify. An examination of the record does not reveal any attempt to call any of these men to the witness stand. We believe it is inappropriate for this Court to surmise what testimony would or would not have been given if these men had been called as witnesses and questioned by defend-

ant's counsel. Therefore, we find that the defendant has not shown any prejudice to him under the facts as presented.

Other assignments of error raised questions of the prejudicial effect of an out-of-court identification procedure and the sufficiency of evidence to withstand defendant's motion to dismiss. With respect to the identification procedure, the defendant objects to the court's conclusion that Mrs. Boone based her identification of the three men who robbed her on her observations of the men in the store and that the identification was not based on an unnecessarily suggestive out-of-court line-up. We find that there was ample evidence to support the trial court's conclusion that Mrs. Boone's identification of the three men in court was based on her independent observation of the men on the night of the robbery. *See State v. Stephens*, 35 N.C. App. 335, 241 S.E. 2d 382 (1978).

[5] Defendant also contends the State has failed to prove each of the necessary elements of the offense of accessory after the fact to armed robbery and thus, it was error to deny his motion to dismiss and motion for a directed verdict of not guilty. "On a charge of accessory after the fact the State must show (1) robbery, (2) the accused knew of it and (3) possessing that knowledge he assisted the robber in escaping detection, arrest and punishment." *State v. McIntosh, supra*, at 753. There was plenary evidence to show that three black males entered the Zip Mart at approximately 10:00 p.m. on 16 February 1977 and robbed the business at gun point. At the approximate time of the robbery, the defendant was observed driving his automobile down the same street on which the victimized business was located. Three black men were observed standing across from the Zip Mart, one of whom was wearing a black coat. Someone from the area where the black males stood yelled at defendant and he made a U-turn in the road and drove to the spot where the three men were standing. Shortly thereafter, the police officer who observed this activity responded to a dispatch and was told by Mrs. Boone at the Zip Mart that she had just been robbed by three black males, one of whom was wearing a black coat. About an hour later, defendant was found driving three males, who later pled guilty to robbing the Zip Mart, in his car. A shotgun and bank bags, fitting the description of those taken from the Zip Mart, were found in the car. When we consider this evidence in the light most favorable to the State, giving it every reasonable intendment and

every reasonable inference, we hold that it is sufficient evidence of every element of the crime charged to survive defendant's motions and convict defendant. *State v. Bowden*, 290 N.C. 702, 228 S.E. 2d 414 (1976).

For the above stated reasons, we find

No error.

Judges MORRIS and HEDRICK concur.