STATE OF NORTH CAROLINA v. KIRK JAMES KELLER, Defendant

No. COA08-967

(Filed 4 August 2009)

**1. Appeal and Error— appealability—guilty plea—writ of certiorari**

Based on the fundamental nature of the errors asserted by defendant, the Court of Appeals granted *certiorari* to review defendant's arguments regarding the factual basis for his guilty pleas to the charges of second-degree murder, first-degree kidnapping, and accessory after the fact to first-degree murder.

**2. Criminal Law— guilty plea—sufficiency of evidence—mutually exclusive offenses—kidnapping requires live victim**

The trial court erred by accepting defendant's guilty plea in the absence of an adequate factual basis supporting the plea as to the charges of second-degree murder, first-degree kidnapping, and accessory after the fact to first-degree murder, and the case is remanded to the trial court for such further proceedings as the State may elect to pursue because: (1) defendant could not be convicted of both second-degree murder of the victim as a principal and accessory after the fact to first-degree murder of the victim since the offenses are mutually exclusive; and (2) with respect to the kidnapping charge, the proffered factual basis for the plea indicated only that defendant transported the victim's already deceased body, and N.C.G.S. § 14-39 requires that the victim of the crime be alive.

Appeal by defendant from judgments entered 25 January 2007 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 29 January 2009.

*Attorney General Roy Cooper, by Assistant Attorney General John G. Barnwell, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant-appellant.*

GEER, Judge.

Defendant Kirk James Keller appeals from judgments entered on his guilty plea to second degree murder, first degree kidnapping,

accessory after the fact to first degree murder, and robbery with a dangerous weapon. The victim of all four crimes was Kenneth Mac Richardson. We agree with defendant's contention that the trial court erred in accepting his plea in the absence of an adequate factual basis supporting the plea as to the charges of second degree murder, first degree kidnapping, and accessory after the fact to first degree murder. Because the offenses are mutually exclusive, defendant could not be convicted of both second degree murder of Mr. Richardson, as a principal, and accessory after the fact to first degree murder of Mr. Richardson. With respect to the kidnapping charge, the proffered factual basis for the plea indicated only that defendant transported Mr. Richardson's already deceased body. Kidnapping, however, requires that the victim of the crime be alive. We, therefore, vacate defendant's guilty plea as to the above charges and the resulting judgments and remand this matter to the trial court.

## Facts

On 15 November 2004, defendant was indicted for first degree murder of Mr. Richardson, first degree kidnapping of Mr. Richardson, and conspiracy to commit robbery of Mr. Richardson with a dangerous weapon. A plea hearing was held on 16 November 2006, where, prior to defendant's entering his plea, a bill of information was filed, also charging him with accessory after the fact to first degree murder.

At the hearing, the prosecutor summarized the factual basis for defendant's pleas:

> [Prosecutor]: Your Honor, on October 21st of 2004, I know the Court heard the facts in this case and during this time numerous times. The family has been here. On that date the father, brother, mother-in-law was murdered. The wife, codefendant of this defendant, Jessica Keller, the facts are clear that she stabbed and killed him—this defendant looked on, it's our position, and it has been our position that he was an aid and abetted [sic]. Sit by, ready, willing, and able to render assistance and did in fact lean [sic] assistance in helping afterwards to drive the body to South Carolina, stealing the car, kidnapping him, and disposing of the body, in fact, the evidence would have shown that he had mental state and was involved in this killing from the beginning as an aid and abetted [sic], guilty also by the felony murder rule. All the family members are going to want to speak at the time we pray judgment, Your Honor.

THE COURT: Certainly.

[Prosecutor]: That's a summary of the facts for the Court at this time.

Based on this summary, the trial court accepted defendant's guilty plea to second degree murder, first degree kidnapping, conspiracy to commit robbery with a dangerous weapon, and accessory after the fact to first degree murder.

The trial court continued judgment until 25 January 2007, when it sentenced defendant to four consecutive presumptive-range terms of 189 to 236 months for second degree murder; 100 to 129 months for first degree kidnapping; 29 to 44 months for conspiracy to commit robbery with a dangerous weapon; and 100 to 126 months for accessory after the fact. Defendant filed both a notice of appeal and a petition for writ of certiorari, seeking review of his guilty plea.

I

[1] In his petition for writ of certiorari, defendant challenges the factual basis for his guilty plea to second degree murder, first degree kidnapping, and accessory after the fact to first degree murder.[1] Although defendant is not entitled to appeal from his guilty plea as a matter of right, his arguments are reviewable pursuant to a petition for writ of certiorari. *See State v. Bolinger*, 320 N.C. 596, 601, 359 S.E.2d 459, 462 (1987) (electing to grant certiorari to review defendant's "contention that the trial court improperly accepted his guilty plea" where defendant was not entitled to appeal as matter of right); *State v. Rhodes*, 163 N.C. App. 191, 193, 592 S.E.2d 731, 732 (2004) ("Under *Bolinger*, defendant in this case is not entitled to appeal from his guilty plea as a matter of right, but his arguments may be reviewed pursuant to a petition for writ of certiorari.").

The State argues that *Bolinger* does not control because it does not address whether a defendant may petition for writ of certiorari on the issue of whether a trial court improperly accepted a guilty plea. To the contrary, the *Bolinger* Court specifically pointed out that defendant was not entitled to an appeal, but nonetheless determined that review was still available based on a petition for writ of certiorari:

[A]ccording to N.C.G.S. § 15A-1444 defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea. Defendant may obtain

---

1. Defendant does not seek review of his guilty plea to conspiracy to commit robbery with a dangerous weapon.

appellate review of this issue only upon grant of a writ of certiorari. Because defendant in the instant case failed to petition this Court for a writ of certiorari, he is therefore not entitled to review of the issue.

Neither party to this appeal appears to have recognized the limited bases for appellate review of judgments entered upon pleas of guilty. For this reason we nevertheless choose to review the merits of defendant's contention.

*Bolinger,* 320 N.C. at 601-02, 359 S.E.2d at 462.

The State also opposes defendant's petition for writ of certiorari on the ground that this Court lacks the authority to grant certiorari under Rule 21 of the Rules of Appellate Procedure. The Supreme Court's holding in *Bolinger* and this Court's decision in *Rhodes* applying *Bolinger* foreclose this argument. *See also State v. Carriker,* 180 N.C. App. 470, 471, 637 S.E.2d 557, 558 (2006) (holding challenge to procedures in accepting guilty plea reviewable by certiorari); *State v. Carter,* 167 N.C. App. 582, 585, 605 S.E.2d 676, 678 (2004) (following *Bolinger* and *Rhodes*).[2] Due to the fundamental nature of the errors asserted by defendant, we grant certiorari to review defendant's arguments regarding the factual basis for his pleas. *See State v. Poore,* 172 N.C. App. 839, 841, 616 S.E.2d 639, 640 (2005) (granting certiorari to review sufficiency of factual basis supporting defendant's guilty plea).

II

**[2]** N.C. Gen. Stat. § 15A-1022(c) (2007) provides that the trial "judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea." *See also State v. Weathers,* 339 N.C. 441, 453, 451 S.E.2d 266, 272 (1994) ("A judge may not accept a defendant's guilty plea without first determining that there is a factual basis for the plea."). The trial court may consider any properly presented information, with the "trial record . . . reflect[ing] the information and evidence relied upon in reaching the decision that an adequate factual basis does exist." *State v. Atkins,* 349 N.C. 62, 96, 505 S.E.2d 97, 118 (1998), *cert. denied,* 526 U.S. 1147, 143 L. Ed. 2d 1036, 119 S. Ct. 2025 (1999). Here, as permitted by N.C.

---

2. In any event, our Supreme Court has also "recognize[d] . . . discretionary avenues of appellate jurisdiction . . . in addition to those routes of mandatory review conferred by statute. *See* N.C. Const. art. IV, § 12, cl. 1; *In re Brownlee,* 301 N.C. 532, 547-48, 272 S.E.2d 861, 870 (1981)[.]" *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.,* 362 N.C. 191, 197 n.3, 657 S.E.2d 361, 365 n.3 (2008).

Gen. Stat. § 15A-1022(c)(1), the trial court based its determination on "[a] statement of the facts by the prosecutor."

Defendant first argues that the offenses of second degree murder and accessory after the fact to first degree murder of the same victim are mutually exclusive offenses, and, consequently, he could not be sentenced for both. The elements of second degree murder are: "(a) an unlawful killing; (b) of a human being; (c) with malice, but without premeditation and deliberation." *State v. McDonald*, 151 N.C. App. 236, 243, 565 S.E.2d 273, 277, *appeal dismissed and disc. review denied*, 356 N.C. 310, 570 S.E.2d 892 (2002). In turn, "[a]n accessory after the fact is one who, knowing that a felony has been committed by another, receives, relieves, comforts or assists such felon, or who in any manner aids him to escape arrest or punishment." *State v. Oliver*, 302 N.C. 28, 55, 274 S.E.2d 183, 200 (1981).

The State concedes that "[t]he law on this point is unambiguous[,]" and that the Supreme Court's holding in *State v. McIntosh*, 260 N.C. 749, 133 S.E.2d 652 (1963), *cert. denied*, 377 U.S. 939, 12 L. Ed. 2d 302, 84 S. Ct. 1345 (1964), is controlling. The *McIntosh* Court explained:

> A participant in a felony may no more be an accessory after the fact than one who commits larceny may be guilty of receiving the goods which he himself had stolen. The crime of accessory after the fact has its beginning after the principal offense has been committed. How may an accessory after the fact render assistance to the principal felon if he himself is the principal felon?

*Id.* at 753, 133 S.E.2d at 655. *See also State v. Johnson*, 136 N.C. App. 683, 695, 525 S.E.2d 830, 837 (2000) ("A defendant charged and tried as a principal may not be convicted of the crime of accessory after the fact."); *State v. Jewell*, 104 N.C. App. 350, 353, 409 S.E.2d 757, 759 (1991) (holding that being the principal to a crime and being an accessory after the fact to that crime are mutually exclusive offenses), *aff'd per curiam*, 331 N.C. 379, 416 S.E.2d 3 (1992).

In short, as *McIntosh* dictates, and the State acknowledges, defendant could not be sentenced based on the mutually exclusive offenses of second degree murder and accessory after the fact to first degree murder. The trial court, therefore, erred in accepting defendant's guilty plea to both second degree murder and accessory after the fact to first degree murder.

Defendant argues that there is also an insufficient factual basis to support his guilty plea to first degree kidnapping. Defendant maintains that the prosecutor's summary is insufficient to support his kidnapping plea because "[k]idnapping as defined in §14-39 clearly requires that a live person be confined, restrained, or removed, since a corpse could not grant or withhold consent or be confined, restrained, or removed for the stated purposes." The State does not address this argument in its brief.

N.C. Gen. Stat. § 14-39 (2007), North Carolina's kidnapping statute, states in relevant part:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other *person* 16 years of age or over *without the consent* of such *person*, or any other *person* under the age of 16 years without the consent of a parent or legal custodian of such *person*, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other *person* for a ransom or as a hostage or using such other *person* as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the *person* so confined, restrained or removed or any other person; or

(4) Holding such other *person* in involuntary servitude in violation of G.S. 14-43.12.

(5) Trafficking another *person* with the intent that the other *person* be held in involuntary servitude or sexual servitude in violation of G.S. 14-43.11.

(6) Subjecting or maintaining such other *person* for sexual servitude in violation of G.S. 14-43.13.

(b) There shall be two degrees of kidnapping as defined by subsection (a). If the *person* kidnapped either was not released by the defendant in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree and is punishable as a Class C felony. If the *person* kidnapped was released in a safe place by the defendant and had not been

seriously injured or sexually assaulted, the offense is kidnapping in the second degree and is punishable as a Class E felony.

N.C. Gen. Stat. § 14-39(a)-(b) (emphasis added).

We read N.C. Gen. Stat. § 14-39 as inherently requiring a live victim. The statute repeatedly refers to the subject or victim of the kidnapping as a "person." The statute makes confinement, restraint, or removal unlawful without consent, something that necessarily must be given by a living person.

The statute, moreover, prohibits holding a person as a "hostage," "terrorizing" a person, or subjecting a person to "involuntary servitude" or "sexual servitude." N.C. Gen. Stat. § 14-39(a)(1), (3)-(5). All of these acts necessitate a live victim. *See People v. Hillhouse*, 27 Cal. 4th 469, 498, 40 P.3d 754, 773, 117 Cal. Rptr. 2d 45, 67 (2002) ("There can be no doubt that, like rape, kidnapping in general, and kidnapping for robbery in particular, requires a live victim. . . . If one kills, then moves the body, the crimes committed do not include kidnapping. The statutory references to a 'person' or an 'individual' as the kidnapping victim, clearly contemplate someone alive." (internal citations omitted)), *cert. denied*, 537 U.S. 1114, 154 L. Ed. 2d 789, 123 S. Ct. 869 (2003); *Ducksworth v. State*, 113 Nev. 780, 793, 942 P.2d 157, 166 (1997) ("Kidnapping requires the willful seizing, confining, or carrying away of a live person.").

In addition, N.C. Gen. Stat. § 14-39(b) differentiates between first degree and second degree kidnapping based primarily on whether the "person kidnapped" was released by the defendant in a safe place. This distinction further supports the conclusion that the statute contemplates a live victim as "no further harm can befall someone already dead; asportation of a corpse cannot increase the risk of harm." *Hillhouse*, 27 Cal. 4th at 498, 40 P.3d at 773, 117 Cal. Rptr. 2d at 67.

In this case, the prosecutor's statements at the plea hearing do not provide a sufficient factual basis to support defendant's first degree kidnapping charge. Based on the prosecutor's description of the events that resulted in the charge, defendant did not engage in any conduct that could constitute kidnapping until after his wife had "stabbed and killed" the victim. According to the prosecutor, it was not until "*afterwards*" that defendant helped steal the victim's car and "drive the *body* to South Carolina" and "dispos[e] of the *body*[.]"

There was no description of any restraint, confinement, or removal of the victim by defendant prior to the victim's death. *Compare Ducksworth*, 113 Nev. at 793, 942 P.2d at 166 ("Because all of the testimony indicated that [the victim] was dead before he was moved, we conclude that no rational trier of fact could have found the essential elements of the kidnapping charge beyond a reasonable doubt."), *with State v. Johnson*, 112 Ohio St. 3d 210, 215-16, 858 N.E.2d 1144, 1157 (2006) (rejecting defendant's argument that he could not be convicted of kidnapping as victim had "died before being restrained" where evidence showed that defendant "hogtied and carried him to the basement" while still alive), *cert. denied*, 552 U.S. 836, 169 L. Ed. 2d 55, 128 S. Ct. 74 (2007). Without a factual basis that defendant confined, removed, or restrained Mr. Richardson while he was alive, the trial court erred in accepting defendant's guilty plea to first degree kidnapping.

In sum, we vacate defendant's guilty plea to second degree murder, first degree kidnapping, and accessory after the fact to first degree murder as well as the judgments based on that plea. Because of our disposition of this appeal, we do not address defendant's additional arguments. We remand the matter to the trial court "for such proceedings as the state may elect to pursue." *State v. Sinclair*, 301 N.C. 193, 199, 270 S.E.2d 418, 422 (1980).

Vacated and remanded.

Judges STEELMAN and STEPHENS concur.