An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1368

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

v.

KASIN JERRELL MILLER

Wake County

Nos. 11 CRS 11876, 221347-50

Appeal by defendant from judgment entered 10 April 2013 by Judge Carl R. Fox in Wake County Superior Court. Heard in the Court of Appeals 18 March 2014.

>*Attorney General Roy Cooper, by Special Deputy Attorney General Richard E. Slipsky, for the State.*
>
>*Amanda S. Zimmer for defendant-appellant.*

BRYANT, Judge.

Where the trial court's findings of fact were based on a law enforcement officer's testimony that while attempting to detain defendant for further investigation, defendant suddenly drove away almost hitting the officer, such findings support the conclusion that the pursuit and eventual seizure of defendant was based on a reasonable and articulable suspicion of assault on an officer, and we affirm the order of the trial court.

Where defendant led law enforcement officers in a high speed car chase ending in a collision of defendant's vehicle which defendant promptly abandoned, and officers thereafter observed what appeared to be cocaine on the floor of the vehicle, there existed probable cause to search the vehicle, including the trunk.

On 24 and 25 October 2011, defendant was indicted on charges of possession with intent to sell and deliver marijuana, possession with intent to sell and deliver cocaine, speeding to elude arrest, possession of drug paraphernalia, assault with a deadly weapon on a government official, and attaining habitual felon status. On 4 January 2012, defendant was arraigned and entered a plea of not guilty.

Subsequently, defendant filed two motions to suppress: a "Motion to Suppress Evidence Based on Unlawful Stop"; and a motion to suppress "evidence seized pursuant to the warrantless search of the trunk of the Defendant's vehicle." These matters came on for hearing during the 8 April 2013 session of Wake County Superior Court, the Honorable Carl R. Fox, Judge presiding.

By final order entered 9 August 2013, both motions to suppress were denied. Judge Fox found that on 10 September

2011, a ranking Senior Officer with the Raleigh Police Department was in uniform and working when he stopped his marked patrol car at the Exxon Station at 9409 Glenwood Avenue for gas. The officer observed two men sitting in a vehicle. "[T]hey were passing something back and forth between them." When the two men noticed noticed the officer, "they appeared to be placing things underneath their seats and in their door pockets." The officer moved his vehicle so that he could read the vehicle's license plate number. Defendant, who was seated in the driver's seat, repositioned the vehicle by driving around the parking lot and backing into a parking space behind a row of parked cars. The passenger exited the vehicle. The officer approached the vehicle and requested defendant's driver's license, which defendant was unable to produce. Defendant said he was waiting on a friend; he did not know the name of the person who had been sitting in the passenger seat; and he was not the registered owner of the vehicle. Defendant also stated there was nothing illegal in the vehicle. Defendant was informed that he would be detained for further investigation and that a canine unit was being requested. Suddenly, defendant drove away while the officer was standing beside the vehicle, "nearly striking him with his car." The officer returned to his patrol car and

pursued defendant with lights and siren activated. Defendant traveled on Lumley Road entering onto I-540 traveling at speeds in excess of 90 mph. As they traveled down the highway, "Defendant was reaching around inside the car and putting something into his mouth"; "Defendant's left hand was outside his window and he was releasing things from his hand"; and the officer observed white powder striking his patrol car. Defendant's vehicle ultimately struck another vehicle, and defendant jumped out of his vehicle and ran. However, defendant was apprehended after a short foot chase. Another law enforcement officer looking though the open driver's side window of defendant's vehicle observed a small plastic baggie containing a white powder consistent with cocaine on the floorboard. The officers informed defendant that his vehicle would be searched. Defendant did not consent. In the trunk, the officers found digital scales, marijuana, empty baggies, and cocaine.

As to defendant's initial detention in the gas station parking lot, Judge Fox concluded that there was no violation of defendant's rights against unreasonable seizure. Judge Fox also concluded that during the car chase, there arose grounds for a reasonable and articulable suspicion that defendant had

assaulted a government official with a deadly weapon and was possessing and / or selling or delivering a controlled substance, obstructing an officer, fleeing to elude an officer, and engaged in reckless driving. Further, as to the search of defendant's car trunk, Judge Fox concluded that the officers had probable cause to search the vehicle. Accordingly, defendant's motions to suppress were denied.

Following entry of the order denying defendant's motions to suppress, defendant entered a guilty plea as to the charges of possession with intent to sell and deliver marijuana, possession with intent to sell and deliver cocaine, speeding to elude arrest, possession of drug paraphernalia, assault with a deadly weapon on a government official, and obtaining habitual felon status. Defendant also reserved his right to appeal from the order denying his motions to suppress. Accepting defendant's pleas of guilty, Judge Fox entered a consolidated judgment, sentencing defendant to a term of 127 to 162 months. Defendant appeals from the denial of his motions to suppress.[1]

---

[1] Defendant filed with this Court a petition for a writ of certiorari to correct a technical defect in trial counsel's notice of appeal from the order denying defendant's motions to suppress rather than from the judgment entered against defendant. *See* N.C. Gen. Stat. § 15A-979(b) ("An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment

_____

On appeal, defendant raises the following issues: whether the trial court erred in (I) determining there was a factual basis for defendant's guilty plea; (II) finding the law enforcement officer had a reasonable suspicion to warrant stopping defendant; and (III) concluding that the search of defendant's car trunk was reasonable.

*I*

Defendant first argues that the trial court erred in determining whether there was a sufficient factual basis given for the trial court to accept defendant's guilty plea to the charge of assault on a government official with a deadly weapon. First, we must consider whether this argument is properly before us.

*Petition for writ of certiorari*

Contemporaneous with his brief, defendant filed with this Court a petition for a writ of certiorari to address the first argument presented in his brief.

Acknowledging in his petition that he is not entitled to appeal as a matter of right the issue of whether the trial court

_____

entered upon a plea of guilty."). To the extent that the notice of appeal was technically deficient, we grant defendant's petition for writ of certiorari and hear defendant's appeal from the judgment entered pursuant to his guilty plea.

properly accepted his guilty plea, defendant nevertheless requests that we grant him a writ of certiorari. We decline defendant's request.

> The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.

N.C. R. App. P. 21(a)(1) (2014).

This Court has previously issued writs of certiorari to address a challenge to a trial court's compliance with General Statutes Chapter 15A, Article 58 – Procedures Relating to Guilty Pleas in Superior Court. *See State v. Rhodes*, 163 N.C. App. 191, 592 S.E.2d 731 (2004). Specifically, writs have been issued to address a challenge to the sufficiency of the factual basis given in support of a guilty plea. *See State v. Keller*, 198 N.C. App. 639, 641, 680 S.E.2d 212, 213 (2009); *State v. Flint*, 199 N.C. App. 709, 724, 682 S.E.2d 443, 451 (2009).

Defendant contends that that there were insufficient grounds presented to support the charge of assault with a deadly weapon on a government official. While defendant acknowledges

that the testifying officer stated "that he was nearly struck by the vehicle and that he was afraid he would be hit by the back portion of the vehicle as [defendant] drove off[,]" defendant contends that "a reasonable person in his position would not have been in fear of immediate bodily harm." Defendant's argument raises only the contention that the trial court erred in finding the officer's testimony more credible than defendant's interpretation of the evidence. *Compare Flint*, 199 N.C. App. at 726, 682 S.E.2d at 453 (holding the trial court erred in accepting the defendant's guilty plea where there was a lack of a factual basis given that would allow for the trial court to make an independent decision as to defendant's guilt). We deny defendant's petition for a writ of certiorari as to this issue. As such, defendant's first argument is dismissed.

*II*

Next, appealing from the denial of his first motion to suppress, defendant argues that the trial court erred in concluding that the law enforcement officer had reasonable suspicion to stop defendant after defendant terminated a consensual encounter with the law enforcement officer. We disagree.

"An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." N.C.G.S. § 15A-979(b). "Generally, an appellate court's review of a trial court's order on a motion to suppress is strictly limited to a determination of whether its findings are supported by competent evidence, and in turn, whether the findings support the trial court's ultimate conclusion." *State v. Roberson*, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735 (2004) (citation and quotations omitted).

We first note that the trial court found that the officer's initial approach and discussion while defendant was sitting in a parked car did not amount to a detention or seizure. Acknowledging that the officer informed defendant he was "being detained" while a canine unit was summoned, the trial court stated "these words, standing alone, did not result in the functional equivalent of detention, or an 'unreasonable seizure'" because among other things defendant remained in the automobile; was not handcuffed, removed from the automobile, or otherwise restrained from movement; defendant's ignition keys were not seized; the detention lasted three to five minutes, and

defendant voluntarily left the area.  Therefore, he "did not believe he was not free to leave."

However, as to what happened after defendant drove away from the officer in the parking lot, we find the following findings of fact pertinent:

> 21.  Officer Larsen went to his vehicle and pursued the Defendant because the Defendant's car nearly struck him as he exited the parking lot of the convenience store.
>
> . . .
>
> 22.  . . . Both vehicles were traveling at speeds in excess of 70 mph on Lumley road and increased speed once they got onto I-540.
>
> . . .
>
> 27.  The Defendant's vehicle was switching lanes left to right and right to left, cars were braking to avoid collisions with the Defendant's vehicle. . . .
>
> 28.  As they traveled down the highway, the Defendant was reaching around inside the car and putting something into his mouth.
>
> 29.  As they were traveling in excess of 80 mph down the highway, bags of white substance began striking Officer Larsen's car.  The Defendant's left hand was outside his window and he was releasing things from his hand.

Defendant's vehicle stopped after colliding with another vehicle, and defendant was apprehended by law enforcement officers after a short foot chase.

Sergeant Michael F. Schabel, employed with the Raleigh Police Department for fifteen years, responded to the Officer Larsen's call for assistance. Following the collision and defendant's abandonment of his vehicle, Sergeant Schabel observed "a small plastic baggie with white powder . . . he recognized as being consistent with cocaine," in the driver's side floorboard.

The trial court concluded that Officer Larsen's initial approach and discussion with defendant did not amount to a seizure and detention. However, based on the events occurring after defendant drove away from Officer Larsen, the court concluded the following:

> [U]nder the totality of the circumstances, [there] form[ed] in the mind of a reasonable and prudent man/officer that there was a reasonable and articulable suspicion that criminal activity was afoot in that Defendant had/was (1) possession and/or selling or delivering a controlled substance, (2) assaulted a government officer with a deadly weapon, (3) obstructed an officer, (4) fleeing to elude an officer and (5) engaged in reckless driving.

The findings of fact support the trial court's conclusion that the law enforcement officer had reasonable suspicion to stop defendant. *See Roberson*, 163 N.C. App. at 132, 592 S.E.2d at 735. Accordingly, defendant's argument is overruled.

*III*

In his appeal from the denial of his second motion to suppress, defendant argues that the trial court erred when it relied on an inventory search of defendant's vehicle as a basis for upholding the search of the trunk. Defendant's argument ignores the trial court's conclusion that there existed probable cause to search defendant's vehicle. The trial court's conclusion that an inventory search was proper was an alternative basis to uphold the search and based on our probable cause analysis that alternative basis need not be addressed.

> The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions. One such exception is the automobile exception. A police officer in the exercise of his duties may search an automobile without a search warrant when the existing facts and circumstances are sufficient to support a reasonable belief that the automobile carries contraband materials. If probable cause justifies the

> search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.

*State v. Mitchell*, ___ N.C. App. ___, ___, 735 S.E.2d 438, 441 (2012) *appeal dismissed, review denied*, ___ N.C. ___, 740 S.E.2d 466 (2013).

Here, defendant led police officers on a car chase that reached speeds in excess of 90 mph. In unchallenged findings of fact, the trial court found that while defendant was driving down the highway he was observed eating something and releasing something from his hand outside of the driver's side window, "when bags of white substance began striking Officer Larsen's car." Following defendant's abandonment of his vehicle and attempt to flee on foot, Sgt. Schabel observed inside defendant's vehicle in plain view "a small plastic baggie with white powder . . . he recognized as being consistent with cocaine[.]" Therefore, we hold the trial court's findings of fact support a conclusion that pursuant to the automobile exception the law enforcement officers had probable cause to justify the search of every part of defendant's vehicle that may have concealed cocaine, including the trunk. *See id.* Accordingly, defendant's argument is overruled.

Affirmed.

Judges HUNTER, Robert C. and Judge STEELMAN concur.

Report per Rule 30(e).